WILLIAM CONE, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Where a master furnishes defective machinery for use in the prosecution of his business, he is not excused by the negligence of a servant in using the machinery from liability to a co-servant for an injury which could not have happened had the machinery been suitable for the use to which it was applied.

Where, therefore, the employee of a railroad corporation was injured by the sudden starting of a locomotive, caused by its being defective and out of repair, of which defects the corporation had notice, *held*, that it was no defense that the engineer could have so managed the engine as to have prevented the accident.

(Submitted April 19, 1880; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of the plaintiff entered upon a verdict and affirming an order denying a motion for a new trial. (Reported below, 15 Hun, 172.)

This action was brought to recover damages for injuries alleged to have been occasioned by defendant's negligence.

The plaintiff was in the employment of the defendant as a car repairer. While engaged in examining a car, with a view to repairing it, which was standing on a side track of the de-

fendant's at Richfield Springs, another car, which was also standing on the same track, a few feet distant from the car which the plaintiff was examining, and which was attached to an engine, took motion from the engine, and ran against him in such a manner that he was caught between the two cars and seriously injured.    The evidence tended to show that the engine took motion in consequence of steam escaping into the cylinder through a leaky valve, and that the defect in the valve, also the fact that the engine was much out of repair, had been known for some time by the defendant's superintendent and master mechanic, but was not known by the plaintiff.    There was also evidence tending to show that the defendant's engineer, who was in charge of the engine, left it standing on the track while the plaintiff was examining the car, that he was aware of the defect in the valve, and omitted to open the cylinder cocks upon the engine, which if it had been done would have prevented the engine from taking motion in consequence of the leakage of steam.    Further facts appear in the opinion.

*Isaac S. Newton* for appellant.    As between master and servant defendant, in providing machinery, was obliged to use only reasonable care and diligence.    (*Laning* v. *R. R. Co.*, 40 N. Y. 521, 533; *Gibson* v. *R. R. Co.*, 63 id. 449; Wharton on Negligence, § 213; *Planck* v. *R. R. Co.*, 60 N. Y. 607; *Hoffnagle* v. *R. R. Co.*, 55 id. 610; *King* v. *R. R. Co.*, 9 Cush. 112; see, also, Pierce on American Railroad Law, 296; Redfield on the Law of Railways, § 131, subd. 10; *Wright* v. *R. R. Co.*, 25 N. Y. 562; Wood's Master and Servant, § 421; *Piper* v. *R. R. Co.*, 56 N. Y. 630; *R. R. Co.* v. *Webb*, 12 Ohio St. 475; *R. R. Co.* v. *Keary*, 3 id. 202; *Priestley* v. *Fowler*, 3 Mees. & W. 1; 12 Ohio St. 475.)    The negligence of defendant's engineer having been the primary, immediate and promoting cause of the injury it was not liable.    (*Booth* v. *B. & A. R. R. Co.*, 73 N. Y. 38; *Samson* v. *N. Y. & Harlem R. R. Co.*, 62 id. 251; *Hayes* v. *Western Railroad Co.*, 57 Mass. 270, 272; *Wright* v. *R. R. Co.*, 25 N. Y. 567, 570, 573; *Hoffnagle* v. *N. Y. C. & H. R. R. R. Co.*, 55 id.

608, 612; Wood on Master and Servant, § 426; 15 Hun, 174.)

*Scott Lord, Jr.*, for respondent. The defendant was obliged, by law, to furnish, for the use of its servants, proper, suitable, safe and sufficient machinery, means and appliances, and keep them in a safe and suitable condition, or use due care to that end. (*Corcoran* v. *Holbrook*, 59 N. Y. 519; *Laning* v. *N. Y. C. R. R.*, 49 id. 532; *Ackerson* v. *Dennison*, 117 Mass. 407; *Ford* v. *Fitch. R. R.*, 110 id. 260.) This duty, to furnish a suitable and proper engine for the safety of the plaintiff and its other servants, was an imperative and an affirmative one, which the law imposed upon the defendant itself. (*Ford* v. *Fitch. R. R.*, *supra*; *Corcoran* v. *Holbrook*, id.; *Flike* v. *B. & A. R. R. Co.*, 53 N. Y. 533; *Malone* v. *Hathaway*, 64 id. 5; *Siegel* v. *Shantz*, 2 N. Y. Sup. Ct. [T. & C.] 353; *Booth* v. *B. & A. R. R.*, 73 N. Y. 38.) If defendant's engineer was negligent his negligence only contributed to produce the accident in conjunction with the negligence of the defendant, and the defendant was not exonerated. (*Booth* v. *B. & A. R. R.*, *supra*; *Cayzer* v. *Taylor*, 10 Gray, 274; Shearman & Redf. on Neg., §§ 9, 10.)

DANFORTH, J. As between the plaintiff and the defendant, it was the duty of the latter to furnish its employees for use in the prosecution of its business, good and suitable machinery, and keep it in repair. (*Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 521; *Flike* v. *B. & A. R. R. Co.*, 53 id. 549; *Corcoran* v. *Holbrook*, 59 id. 519.) It was also its duty to furnish for the management of such machinery, careful and trustworthy servants; and if these conditions were fulfilled, the plaintiff, although injured by the negligence of his fellow-servant, could maintain no action against their common principal. (*Wright* v. *N. Y. C. R. R. Co.*, *supra*; *Coon* v. *S. & U. R. R. Co.*, 5 N. Y. 492.) But that is not the case here. The plaintiff was not injured by the negligence of his co-employee, while

managing good and suitable machinery.    The defendant failed
to supply machinery of that character.    The engine in question
was, in many important particulars, in bad condition; its fire-
box was burned out, its stay-bolts had given way, its cylinders
needed boring out, its valves facing; it leaked badly, and its
flues were defective ; and coming nearer to the immediate cause
of the injury inflicted upon the plaintiff, it was found that its
throttle-valve leaked  and the thread upon the screw which
serves to hold the reverse bar in place, and thus controls the
motion of the engine, was so worn as to be useless.    As a nat-
ural and necessary consequence of the defects last mentioned,
the steam escaped from the boiler into the cylinders, the engine
was put in motion, and as might have been expected, the acci-
dent occurred of which the plaintiff now complains.    But more
than this, the master mechanic, and also the general superin-
tendent of the road, the superior officers directly representing
the defendant, had been notified of these defects, but never-
theless directed the engine to be kept in use, "for " (as one of
them said) "they were short of power, and had nothing
to put in its place."    So far this is the plaintiff's case, and is
conclusive against the defendant unless answered, and what is
its defense? Why, as I understand it, it is that the engine was
furnished with cylinder cocks; that these cocks if opened
would have allowed the steam to escape, thus preventing its
accumulation in the cylinder, and its pressure upon the pis-
ton; that the engineer omitted to open the cocks, and was,
therefore, guilty of negligence; that it was this negligence
which caused the injury, and so the defendant is exonerated !
But the cylinder cocks were part of a perfect machine, they
were not added to supply the defects, or any of them to which
I have above called attention.    Therefore the defendant's con-
tention comes to this : We concede that we failed in our duty,
we did not supply a suitable machine, but our servant, the engi-
neer, could, notwithstanding, have so managed that the defect
should cause no harm.

If this doctrine is accepted it will loosen the rule of respon-
sibility which now bears none too closely upon corporate con-

duct. It will seldom happen that unusual care on the part of an engineer would not prevent an accident. In this case he might have opened the cocks, or blocked the wheels, or with extreme care so separated the engine from its train that the two should occupy separate tracks. It now seems that it would have been well to have done one or the other of these things. His omission to do so may have been negligence toward the defendant, but it does not remove the · responsibility which attached to it, to furnish good and suitable machinery, or place it upon a subordinate whose duty is to be measured by the degree of skill necessary for its management, and who is not called upon to make good the want of corporate care and attention.

The case is not one for the application of the doctrine of equivalents. Nor could the jury be permitted to inquire whether the exercise of extra diligence or skill on the part of the defendant's servant, the engineer, would not have neutralized the defendant's own negligence. This would require them to determine the " comparative negligence " of master and servant, and " strike a balance of negligence," which, even as between plaintiff and defendant, is not permitted. ( *Wilds* v. *H. R. R. R. Co.*, 23 How. 492.) Neither upon principle nor authority can it be held that negligence of the servant in using imperfect machinery excuses the principal from liability to a co-employee for an injury which could not have happened had the machinery been suitable for the use to which it was applied. Had the injury resulted solely from the servant's negligence, the case would have been different. ( *Wright* v. *N. Y. C. R. R. Co.*, *supra.*) And so the trial judge held. But the jury found that it did not, and the judgment rendered upon the verdict was properly affirmed.

The reasons given, therefore, by the learned judge at General Term (15 Hun, 172) are sufficient, and to them nothing more need be added.

The judgment appealed from should be affirmed with costs.

All concur.

Judgment affirmed.