THOMAS WHITE, RESPONDENT, v. THOMAS R. SHARP, AS RECEIVER OF THE LONG ISLAND RAILROAD COMPANY, ETC., APPELLANT.

*Negligence — master and servant — for what defects in the machinery used the master is not responsible.*

The defendant had in his shops a machine used both for punching and shearing. In consequence of a fracture in the end containing the punch, the punch and the shears were transposed, thereby causing the large cog-wheel, which had formerly turned from the pinion wheel on its top outwards towards the punch, to turn inwards towards the pinion wheel and away from the punch. In punching, the machine was disconnected from the power after each blow

by a lever, but its momentum was such that, if left to itself, it would continue to work for a short time after this was done. To prevent this, and the injury to the plate which would result from it, the workmen were accustoned to seize hold of the large cog-wheel with their hands and stop it. The plaintiff, a boilermaker by trade, was directed to assist in punching a plate. He seized the cog-wheel, as was customary, but continued to hold on to it until his hand came in contact with the pinion wheel, by which it was caught and crushed. In an action brought by him to recover the damages thereby sustained:

*Held*, that, as the evidence-established contributory negligence on his part, and none on the part of the defendant, he should have been nonsuited.

REARGUMENT upon an appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes·of the justice before whom the action was tried.

The action was brought to recover the damages sustained by the plaintiff while in the employment of the defendant. The defendant had in his shops a machine used both for punching and shearing. In consequence of a fracture in the end containing the punch, the punch and the shears were transposed, thereby causing the large cog-wheel, which had formerly turned from the pinion wheel on its top outwards towards the punch, to turn inwards towards the pinion wheel and away from the punch. In punching, the machine was disconnected from the power after each blow by a lever, but its momentum was such that, if left to itself, it would continue to work for a short time after this was done. To prevent this, and the injury to the plate which would result from it, the workmen were accustomed to seize hold of the large cog-wheel with their hands and stop it. The plaintiff, a boilermaker by trade, was directed to assist in punching a plate. He seized the cog-wheel, as was customary, but continued to hold on to it until his hand came in contact with the pinion wheel, by which it was caught and crushed.

*E. B. Hinsdale*, for the appellant.

*Clifford A. H. Bartlett*, for the respondent.

CULLEN, J.:

The plaintiff, an employe of defendant, was a boilermaker by trade, and on the occasion of the accident, which is the subject of

this suit, was placed at work on a punching machine. After a hole was punched it was necessary to stop the machine and reset the plate or sheet to be bored. For this purpose the power operating the machine was detached, but, as it appears, the momentum of the machine was such that it would continue in motion for a short time. To stop it the workmen were in the habit of seizing hold of the cog-wheel. On this occasion the plaintiff caught hold of the cog-wheel to stop its motion, and continued his hold till his hand came in contact with the pinion in which the wheel worked, and was thus caught and crushed.

The sole question presented by this appeal is whether the cause should have been submitted to the jury, or the complaint should have been dismissed.

The rule that the master is bound to furnish suitable and safe machinery for his servants is clear, but it is also settled by authority that the master may, as against his servant, choose his own appliances, and that if the risk be apparent the servant assumes it. (*Gibson* v. *Erie R. Co.*, 63 N. Y., 449.) In this case the plaintiff contends there were two defects in the machine used :

*First.* That it appears the machine had originally a double use, at one end to punch and the other end to shear, and that in consequence of a fracture the shears and punch were transplaced, and as a result the cog-wheels, which had originally turned outward from the top, now revolved inwards.

*Second.* That some machines have brakes attached for the purpose of stopping them after the power is detached, and thus avoid the hazard of stopping the machine by hand.

It is not claimed that the fracture of one end of the tool had any other effect or bearing on its operation than that already noticed.

Now, it may well be doubted if either of these alleged defects made the machine unsafe or dangerous.

There was danger of injury to the plate then being worked upon from the absence of a brake, but none to the workmen unless they chose to adopt the hazardous mode of stopping the machinery by hand, which would require caution suitable to the danger.

But, were it otherwise, the absence of these appliances and the risks attendant were obvious and known to the plaintiff.

There was but one danger in any aspect, that of holding on to the

cog-wheel until it came in contact with the wheel into which it worked. The wheels were apparent and the danger patent.

As the plaintiff said: "Why, anybody would know it." We think, therefore, that there was no negligence shown on the part of defendants, as the plaintiff took these risks. But further, we think there was plainly contributory negligence on the part of the plaintiff. We do not say that simply taking hold of the cog-wheel was negligence *per se.* Had he done so, and from some accident the power again become attached or in some other way the machine suddenly again put in motion, it might well be that the jury would not have imputed negligence to him. But here it is conceded that after seizing the wheel he voluntarily continued his hold until it came in contact with the pinion.

This plainly occurred from inattention on his part and shows the entire absence of any caution or care whatever.

The case of *Cone* v. *Delaware, Lackawanna and Western Railroad Company* (81 N. Y., 206), is not in point. In that case the defendant sought to exonerate itself from liability on the ground that the casualty occurred not alone from defective machinery but also from the negligence of a co-servant. It was held to be no defense.

But there is this crucial distinction between the case cited and the one at bar; in the former it was not the plaintiff but a co-servant upon whom it was sought to fix contributory negligence.

As to the negligence of that servant the court remarks: "His omission may have been negligence toward the defendant." The case only holds that such negligence does not excuse the principal from liability to a co-employe. To carry the principle to the extent of authorizing a negligent servant to recover, would overthrow the whole doctrine of contributory negligence.

We think, therefore, that the plaintiff should have been nonsuited.

Judgment and order denying new trial reversed and new trial ordered, costs to abide event.

Present — GILBERT, DYKMAN and CULLEN, JJ.

Judgment and order denying new trial reversed and new trial granted, costs to abide the event.