THOMAS H. STRINGHAM, RESPONDENT, *v.* CORNELIA M. STEWART, APPELLANT.

*Master and servant — duty of the master to furnish safe and proper machinery — he is not liable for injuries occasioned by the negligence of a fellow servant.*

The defendant, who owned and worked a large farm, provided an elevator which raised a car, holding about a ton of grain, by means of a steam engine situated in an adjoining building. The engineer was enabled to stop the elevator as it reached the different stories of the building by means of marks placed upon the belt. The car was run from the elevator upon a tramway laid upon the different stories of the building. There were only six or eight inches between the top of the elevator and the pulley-block when the platform of the elevator was on a level with the upper floor.

Upon the occasion of the accident the elevator, which it was intended to raise to the upper floor, stopped, for some unexplained reason, before reaching it; it then started again, and was carried six or eight inches too high, whereby the rope was broken and the elevator was precipitated to the bottom of the building, severely injuring the plaintiff.

*Held,* that the accident was occasioned by the negligence of a fellow servant, and that the defendant was not liable for the damages thereby occasioned to the plaintiff.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*Winchester Britton,* for the appellant.

*A. H. Dailey* and *Charles C. Smith,* for the respondent.

BARNARD, P. J.:

The only question in this case is whether a master is bound in furnishing machinery to provide against the neglect and inattention of the employes who operate it.

The plaintiff was a servant of the defendant upon her farm in Queens county. The farm is very large, and in order to elevate the grain into the storage building there was provided an elevator which lifted up a car with about a ton weight of grain by means of a steam engine in a building near to the storehouse. The engineer in charge was enabled by marks upon the belt to stop the elevator at the proper floor. There were only six or eight inches between the top of the elevator and the pulley-block at the upper story when the elevator

was even with the floor. The car was run from the elevator upon a tramway to the ends of the storehouse. Upon the occasion of the accident the elevator was intended to deposit the car at the upper story. For some unexplained reason the elevator stopped short of the elevation needed. It then started again and the elevator was carried the six or eight inches too high and the rope broke and precipitated the elevator to the bottom of the building and injured the plaintiff severely. The cause of the accident was solely occasioned by the failure to stop the engine at the proper mark upon the belting, and thus arises the question whether the plaintiff was bound to allow more than six or eight inches for a possible neglect. It does not seem that such a principle has been established. As between master and servant the master is to furnish good and suitable machinery. (*Cone* v. *Del., L. and W. R. R. Co.*, 81 N. Y., 206.) The servant takes the risk of the machinery if the defects are known to him, or should be known to a person of ordinary intelligence in his situation in reference to the machinery. (*Wright* v. *N. Y. Central R. R.*, 25 N. Y., 562; *Gibson* v. *Erie R. R. Co.*, 63 N. Y., 449.) When the machinery is defective no action lies by the servant against the master when the injury was occasioned, not by the defect of the same, but by the negligence of a coemploye of the servant. (*Wright* v. *N. Y. Central R. R.*, 25 N. Y., 562.)

The master is not bound to furnish the best and safest known appliances for the purpose, but may use his own judgment provided the means used are safe.

The sole occasion of the accident was the negligence of the engineer in not stopping the elevator. Against such negligence there can be no provision. As well continue the application of the power for feet as inches. The rope could not resist the steam engine, and was not intended to do so. The contrivance was sufficient, if properly managed, and for this neglect the defendant was not liable.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.