39  385
13ap442

JAMES LYONS, RESPONDENT, *v.* THE NEW YORK CEN-
TRAL AND HUDSON RIVER RAILROAD COMPANY,
APPELLANT.

*Negligence — when a master is liable to a servant for an injury resulting from the negligence of a fellow-servant of intemperate habits.*

While the plaintiff was repairing one of the defendant's engines another engine ran into it, and from the sudden movement thereby given to it the plaintiff was injured. In this action, brought to recover the damages thereby sustained, the plaintiff claimed that the engine which caused the accident was defective, unsafe and out of repair, and that by reason thereof and the defective, improper and unskillful management of incompetent servants of the defendant, the injuries were sustained, and that the defective condition of the engine and the incompetency of the servants were known to the defendant but not to the plaintiff.

Upon the trial the plaintiff, having produced evidence tending to show that the engine was out of repair and would start of itself, and that at the time of the accident the engineer in charge of it had left it, asked a witness whether he had seen the engineer in the yard in an intoxicated condition on the day of the accident, and also as to whether he had ever seen him intoxicated in the yard. The court excluded the evidence on the ground that there was no allegation in the complaint referring to the condition or habits of the servants but only to their skill and experience.

*Held,* error.

HUN--VOL. XXXIX     49

APPEAL from an order granting a new trial, entered upon a motion made at the Onondaga Circuit after a trial and verdict for the defendant.

The action was brought to recover damages for injuries sustained by the plaintiff on the 28th of December, 1878, while in the employ of the defendant, by the sudden movement of an engine upon which the plaintiff was engaged in making repairs, in the yard of the defendant.

*Forbes, Brown & Tracy,* for the appellant.

*William P. Gannon* and *C. L. Stone,* for the respondent.

HARDIN, P. J.:

Plaintiff in his complaint said that a locomotive ran against him, one on which plaintiff was engaged in making repairs ; that such sudden movement of said engine caused the injuries to the plaintiff. It is averred that the engine so causing the injuries " was defective, unsafe and out of repair, and by reason thereof and of its defectiveness and its improper and unskillful management by defendant's incompetent servants, took steam and ran against the one on which plaintiff was employed as aforesaid."

Plaintiff also alleges " that the unsafe and defective condition of said engine so taking steam as aforesaid, and the incompetency of its said servants in charge thereof, were well known to the defendant at and before the time aforesaid, and the same had been reported unsafe and out of repair, but the defendant negligently omitted to repair the same and continued to run and use it while thus unsafe, and for that purpose and in its management of its said road, negligently employed unskillful, incompetent and improper servants. That said unsafe condition of said engine and said incompetency of its said servants was well known to· defendant but was unknown to plaintiff." It was shown that the engine which crossed causing the injuries had a leaky throttle ; they had to tie up the throttle with a bell cord to hold her in place, she would get steam enough through the valve to move herself without opening the throttle. This defect was reported two or three times to Mr. Rayner, defendant's servant, whose duty it was to see " that the engines are in order to take the trains," " and that men are on them

to see that they are in a condition to go." It was shown that Dwyer was the engineer in charge of the engine prior to the accident, and that the accident was caused in part by his neglect in going off and leaving the engine unattended and not properly secured. The plaintiff sought to show that Dwyer was addicted to intoxication, and the plaintlff put the following questions to a witness, viz.: Q. In reference to the man Dwyer, state whether you ever saw him in an intoxicated condition in that yard? Defendant objected to the question and the court excluded the question, intimating that the pleadings were insufficient to allow the evidence, and plaintiff took an exception to the ruling.

Another question was put, viz., Q. Did you on or about the 28th day of December, 1878, see this man Dwyer in an intoxicated condition in the yard? It was objected to and excluded, the court remarking, " I think the allegation in the complaint refers to his skill and experience rather than to his condition or habits. Under these allegations you may show the engine was unskillfully managed. Yet, I hardly think you can show that it was managed by a man who was drunk. * * * I put my ruling on the specific ground that it is not alleged in the complaint. The plaintiff duly excepted. Plaintiff then asked the witness, viz., Do you know whether or not Raynor ever discharged Dwyer for drunkenness? This was objected to and excluded by the court, and plaintiff excepted. The Court of Appeals in affirming our decision in *Cone* v. *The Delaware, Luckawana and Western Railroad Company* (15 Hun, 172), said that in addition to the duty of the defendant to furnish its employees for use in the protection of its business good and suitable machinery, and keep it in repair, it was also its duty to furnish, for the management of such machinery, careful and worthy servants. * * * (*Cone* v. *The Del., Lack. and Western R. R. Co.*, 81 N. Y., 208.)

We are of the opinion that a person addicted to intoxication is not a careful, trustworthy, competent or proper person to have the management and control of an engine. That the servant having charge of the engine that caused the injuries was an incompetent and improper one, was sufficiently alleged in the complaint. Proof of such incompetency and untrustworthy and improper character should have been permitted. The exclusion of the evidence offered was an error. (*Mann* v. *Pres.*, 91 N. Y., 500; *Oldfield* v.

*The N. Y. & H. R. R. Co.,* 14 id.. 313; *Nolton* v. *Western R. R. Co.,* 15 id., 444; *Edgerton* v. *N. Y. & H. R. R. Co.,* 39 id., 230; *Chapman* v. *Erie R. R. Co.,* 55 id., 579; *Brickner* v. *The Central,* 49 id., 672; affirming S. C., in 2 Lans., 506, was decided upon the authority of *Laning* v. *The Central,* 49 N. Y., 521.)

In the 2d of Lansing, at page 514, POTTER, J., in delivering the opinion of the court, said, viz.: "If the presumption should be that it was Westman, the boss carpenter, then the direction was given by one as to whose competency by reason of his habits of intemperance was a question of fact properly for a jury." Had the evidence been received, a question of fact might have arisen as to whether the injuries arose from the incompetency and improper character of the servant, retained in the defendant's employ after notice that he was an incompetent and improper servant to be intrusted with the engine, causing the injuries. (*Wright* v. *The New York Central,* 25 N. Y., 562; *Cone* v. *D. L. & W. R. R. Co.,* 15 Hun, 172; S. C. affirmed, 81 N. Y., 206.)

Our opinion is that the learned trial judge was right when he granted a motion made upon his minutes for a new trial.

The order is affirmed, with costs of this appeal to abide event.

FOLLETT, J., concurred; KENNEDY, J., not sitting.

Order affirmed, with costs of the appeal to abide event.