Harry Edelstein, J.
In this case of first impression, the petitioner moves pursuant to article 7-A of the Real Property *818 Actions and Proceedings Law, as amended by chapters 861 and 862 of the Laws of 1974, for a final judgment directing deposit of rents and repair of alleged slum housing (Real Property, Actions and Proceedings Law, § 776) and for appointment of1 an administrator (Real Property, Actions and Proceedings Law, § 778). At a hearing held in chambers, the petitioner (along with petitioner’s attorney and petitioner’s proposed administrator) appeared. Respondents'Spring Valley Savings and Loan Association and First Federal (Savings and Loan Association submitted a verified answer and a memorandum of law. Respondents Kissling Real Estate and Francka Place Corp. neither answered nor appeared.
At the hearing, the court raised and reserved decision on the question of the standing of the petitioner. Subdivision 1 of section 769 of the Real Property Actions and Proceedings Law provides: “ A special proceeding by tenants of a multiple dwelling in the city of New .York or in the counties of Nassau, Suffolk, Rockland and Westchester * * * may be maintained in the civil court of the city of New York, the district court of the counties of Suffolk and Nassau and the county courts or city courts in the counties of Rockland and Westchester.”'
The subject-matter jurisdiction of this court is clear, but the standing of petitioner is doubtful. Subdivision 1 of section 769 of the Real Property Actions and Proceedings Law intends that the petitioners, whether in the City of New York or in the named counties, be tenants. The standing of petitioner is not aided by subdivision 1 of section 770 of the Real Property Actions and Proceedings Law which provides: ‘‘One-third or more of the tenants occupying a multiple dwelling located in the city of New York or the administrator of the agency of the city of New York charged with enforcement of the housing maintenance code of such City, or in the counties of Nassau, Suffolk, Rockland and Westchester may maintain a special proceeding as provided in this .article ’ ’. >
In apparent contradiction to subdivision 1 of section 769, subdivision 1 of section 770 of the Real Property Actions and Proceedings Law deems the administrator of the agency of the City of New York charged with enforcement of its Housing Maintenance Code to be an individual with standing under article 7-A. Harmony is restored between the sections if the standing of the City of New York administrator is construed strictly as applicable only to the special conditions of the metropolis. Since subdivision 2 of section 770 of the Real Property Actions and *819 Proceedings Law contemplates that tenants may be substituted for the administrator, the Legislature may have intended, but this court does not decide, that the deplorable housing situation in and the socioeconomic conditions of the Nation’s greatest city require initiatory action on the part of the administrator. Regardless, the omission of mention of the administrator in subdivision .1 of section 769 indicates that the standing under article 7-A of a public official is peculiar to and limited to the designated City of iNew York official. The court finds that the dangling subordinate clause, “or in the counties of Nassau, (Suffolk, Rockland and Westchester ” (Real Property Actions and Proceedings Law, § 770 sulbd. 1) adds the four specified counties as areas of the State to which article 7-A is applicable, but does not grant standing to any official of the four counties or of any city, town or village therein.
Within the 'Counties of Suffolk, Nassau, Westchester, and RocMand, only tenants have standing to bring a special proceeding under article 7-A. This is consistent with the purpose •of article 7-A, which is to “ [open] up this judicial forum to protect the rights of tenants whose multiple dwelling occupancies are within the purview of the legislative mandate * * * Article 7-A permits one third of the tenants in the nature of a class action (presumably in the Legislature’s wisdom to prevent individual nuisance proceedings) to pray for such relief even without a departmental violation, where dangerous to life, health or the safety of the occupants.” (Emphasis added.) (Matter of Himmel v. Chase Manhattan Bank, 47 Misc 2d 93, 96.)
'That the purpose of article 7^A is to empower tenants is confirmed by the title of the article. Both as originally enacted (L. 1965, ch. 909) and in its present form, the title of article 7-A refers to “Special proceedings by tenants” (emphasis added). The article title or other textual title defines and limits a law’s effect. (People v. Molyneux, 40 N. Y. 113, 119 [1869, Hunt, Ch. J.].) A textual title is in contrast to the bill title which precedes the enacting clause (N. Y. Const., art. III, § 13), in that the bill title is not law, and has no legal effect except as provided by the Constitution (art. III, § 15).
Article 7-A in its present form, as amended by chapter 861 and chapter 862, is “ singularly imperfect, obscure, and bungling ”, but looking at the language and the purpose of the article as a whole, this court implements, as best it can, the intention of the Legislature. (Heckmann v. Pinkney, 81 N. Y. *820 210, 816 [1880].) Accordingly, the petition is dismissed with prejudice for lack of standing 'of petitioner, hut without prejudice to any future proceeding Iby petitioners with standing.