[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 494 
It has been decided in England, and in Massachusetts and some other states of the union, that, where different persons are employed by the same principal in a common enterprise, no action can be sustained by them against their employer, on account of injuries sustained by one agent through the negligence of another. (Priestly v. Fowler, 3 Mees. Welsb. 1; Farwell
v. B. W.R.R. Co. 4 Met. 49; Murray v. S. Carolina R.R.Co., 1 McMullan, 385.)
In Brown v. Maxwell, (6 Hill, 594,) the case from Massachusetts was cited and approved by the learned judge who delivered the opinion of the supreme court in that case. *Page 495 
The good sense of the principle when applied to individuals engaged in the same service is sufficiently obvious. There may be more doubt of its justice, in reference to those whose employments are distinct, although both may be necessary to the successful result of a common enterprise.
The case before us cannot be distinguished from that in Metcalf. To the elaborate opinion of chief justice SHAW, nothing can be added without danger of impairing the force of his reasoning. It is only necessary to express my concurrence generally in the views there suggested, which, if adopted, must be held as decisive in this case.
The ground taken upon the argument by the counsel for the plaintiff, that there was testimony tending to show that the stake train, when the accident occurred, was running in accordance with the regulations of the defendants, and therefore the injury was the act of the corporation, and not of its agents, is not sustained by the evidence in the bill of exceptions; and if it was, the point was not made distinctly upon the trial. The judge put his decision in terms upon the ground that the defendants were not responsible to the plaintiff, for the negligence of the conductor of the stake train. If the plaintiff's counsel wished to submit to the jury the question now raised, that the conductor was merely complying with the commands of his principals, and that negligence was not to be imputed to him, but to the defendants themselves, a request to that effect should, under the circumstances, have been made to the judge. As it was, he was left to suppose, that the cause was intended to be tried, upon the grounds suggested by him in his decision.
I think that the judgment of the supreme court should be affirmed.