ALEXANDER H. COULTER, APPELLANT, *v.* THE BOARD OF EDUCATION FOR THE CITY AND COUNTY OF NEW YORK, RESPONDENT.

*Contract — receipt in full — Liability of master to servant for negligence of a co-servant.*

The plaintiff entered into a contract with the school officers of the Eighth ward of the city of New York to do all the carpenter work necessary in erecting a school-house. In consequence of the laches of the contractor for the mason work, the plaintiff was delayed in fulfilling his contract, and brought this action to recover the damages sustained thereby.

In compliance with one of the requirements of the contract, the plaintiff, at the time of receiving the final payment, filed a certificate stating " that all claims and demands for extra work or otherwise, under or in connection with the

contract * * * have been presented to the said school officers, and the amount to be paid therefor agreed upon by and between them or a majority of them and the undersigned, to wit, the sum of $433.82 ; and I further certify that the last payment under said contract * * * will be in full of every claim or demand, except the amount so agreed upon for extra work." *Held*, that the certificate operated as an extinguishment of any claim the plaintiff might have. Whether, if this were not so, the plaintiff and the mason being fellow-servants, he would not be precluded from recovering, under the rule that one servant cannot maintain an action against the common employer on account of injuries sustained by the negligence of a co-servant, *quære.*

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

*E. Ellery Anderson*, for the appellant. The effect of the words contained in the certificate cannot be greater than a release of a particular demand, followed by a general release of all claims and demands, which has always been held to discharge the particular matter mentioned only. (*McIntyre* v. *Williamson*, 1 Edw. Ch., 54; *Jackson* v. *Stackhouse*, 1 Cowen, 122; Chitty on Contracts, 90, 858.) The certificate refers to claims under and in connection with the contract. It is submitted that this only embraces amounts which the plaintiff could sue for under the contract, and has no reference to a claim for damages against the defendants by reason of the negligence of their agent, the mason. (*Allamon* v. *The Mayor*, 43 Barb., 33; *Dubois* v. *Delaware and Hudson Canal Co.*, 4 Wend., 285.) The rule, that when an injury is inflicted by one employe on another employe, both being under the same employer, and engaged in a common business or enterprise, the employer does not guarantee to each employe the competency of the other employes, only applies to cases where the superior or employer has not, himself, by failure of duty, or by omission or neglect on his part, produced or contributed to the injury complained of. (*Flike* v. *Boston and A. R. R. Co.*, 53 N. Y., 549; *Laning* v. *N. Y. C. R. R. Co.*, 49 id., 521; *Brinkner* v. *Same*, id., 672; *Warner* v. *Erie Railway Co.*, 49 Barb., 558, reversed in 39 N. Y., 468; *Keegan* v. *Western R. R. Co.*, 8 id., 175.)

*E. Delafield Smith*, for the respondent. If the work on the part of the mason was unreasonably delayed, it was the duty of

the school officers, and not of the defendants, to see that he complied with the terms of his contract. The case, then, amounts to this, that the school officers, by neglecting to enforce the provisions in Armstrong's contract against delay, caused injuries and damage to the plaintiff. This, conceding all the plaintiff claims to be true, was misfeasance on the part of the school officers, who were independent officers, and for such misfeasance, or for malfeasance of such officers, the defendants cannot be held liable. (*Martin* v. *Mayor of Brooklyn*, 1 Hill, 545; *Lorrilard* v. *Town of Monroe*, 1 Kern., 392; *Russell* v. *The Mayor of New York*, 2 Denio, 461; *Hefford* v. *City of Bedford*, 16 Gray, 297.) The plaintiff is estopped by the certificate of May 10, 1864, from asserting any claim on the defendants for the alleged grievances stated in the complaint. (*Devlin* v. *Mayor*, 4 Duer, 337.) If the injuries of which the plaintiff complains arose from the negligence or delay of the contractor for the mason work, Armstrong, it is clear that the defendants cannot be held liable therefor. Armstrong was an independent contractor with the school officers of the Eighth ward, and for his carelessness, negligence, or unskillfulness in the execution of his work, neither the defendants nor the school officers are liable. (*Kelly* v. *The Mayor*, 1 Kern., 432; *Blake* v. *Ferris*, 1 Seld., 48; *Pack* v. *The Mayor*, 4 id., 222; *Treadwell* v. *The Mayor*, 1 Daly, 123.) Even admitting that the school officers of the Eighth ward can be regarded as the agents of the defendants, then the plaintiff and Armstrong were two servants or employes in the employ of one principal, and in the same general business, and for any damages sustained by the plaintiff, by reason of the negligence, carelessness or unskillfulness of Armstrong, the defendants are not liable. (*Coon* v. *The S. and U. R. R. Co.*, 5 N. Y., 492.)

BRADY, J.:

The plaintiff made a contract with the school officers of the Eighth ward of this city, to do the carpenter work necessary toward the erection of a school-house in that ward. The mason work was to be done by Mr. Lanty Armstrong, with whom the officers made a contract for that purpose, and about the same time the agreement was made with the plaintiff. The mason failed to perform with sufficient expedition to allow the plaintiff to proceed with his work,

as he was ready and able to, and in consequence thereof he was subjected to loss by a rise in the cost of labor and in the price of the materials to be employed. The work of the plaintiff was to be done under the direction and supervision of the superintendent of school buildings, and the materials were also to be furnished under his supervision. The plaintiff complained of the delay of the mason, and duly notified the superintendent of it, but no action was taken, it would seem, to compel the mason to proceed, or to abandon his contract. The necessary facts to establish the claim, assuming it to be one which could be enforced, were sufficiently proved. The averments in the complaint to that end were established. The complaint was, nevertheless, on the motion of the defendant's counsel, dismissed. The question presented is, whether that disposition of the case was proper.

There are several reasons why the plaintiff cannot maintain this action, some of which will be considered.

First. It appeared by the contract that the last payment was not to be made until a certificate of the superintendent of school buildings, that the payment was due, had been filed in the office of the clerk of the board of education, and, in addition thereto, that there had also been filed in that office a certificate that all claims and demands for extra work or *otherwise, under or in connection with the contract,* had been presented to the parties of the first part, and the amount to be paid therefor agreed upon by and between them, or a majority of them, and the plaintiff, and that such payment was in full of *every claim or demand whatever, in the premises, except* the amount so agreed upon for extra work. It also appeared that a certificate had been given and filed in accordance with these provisions, and that the plaintiff had also signed a certificate contemplated by them. The certificate of the officers concludes as follows: "We do further certify that the sum of $433.92 has been agreed upon and allowed by us in full of all claims and demands for extra work or otherwise, under or in connection with the said contract." The plaintiff's certificate is as follows:

" I do hereby certify that all claims and demands for extra work or otherwise, under or in connection with the contract of Alex. H. Coulter, made with the school officers of the Eighth ward,

for the carpenter work on the new school building of ward school No. 8, situate on Grand, near Laurens street, in said ward, dated the 4th day of February, 1863, have been presented to the said school officers, and the amount to be paid therefor agreed upon by and between them, or a majority of them, and the undersigned, to wit, the sum of $433.92. I further certify that the last payment under said contract, to wit, the sum of $1,767, will be in full of every claim or demand whatever in the premises, except the amount so agreed upon for extra work.

"Dated NEW YORK, *May* 10, 1864.

"ALEX. H. COULTER."

The provisions of the contract relative to the certificate to be given for the last payment are clear. They contemplate a final adjustment of all matters between the contracting parties, in any way connected with or growing out of the contract. This is not only indicated by the language employed, but by the further agreement contained in the eleventh paragraph of the contract, which is as follows:

Eleventh. " Should any dispute arise concerning the true construction of the plans or drawings and specifications hereinbefore mentioned, or any part of either, the same shall be decided by the said superintendent of school buildings, and his decision shall be final ; but should *any other difference* arise between the parties of the first and second parts, the same may be submitted to the arbitration of two competent and disinterested persons, one to be named by the parties of the first part, or a majority of them, and the other by the party of the second part, which two, in case they cannot agree, may choose an umpire; and the decision of the arbitrators, or of the umpire, shall be binding and conclusive on all the parties hereto."

The defendants are not the contracting parties, although the product of the agreement inures to their benefit. They are the paymasters, and are to be governed in their payments by the action of officers over whom they have by law no control, except so far as the right to approve of the contract made confers it. They rely upon the acts of these officers when a contract is made in reference to the completion of the work in accordance with the

obligations assumed, and have the right to believe that the duties imposed have been properly discharged. When the certificate for which the contract calls is presented, it is their right therefore to assume that it has been given at the proper time and in the proper manner; that is, after an arrangement or adjustment of all matters of difference, if any have existed, and more particularly when the contractor himself, by his own deliberate act, has so declared. The certificates of the school officers and the plaintiff contain precisely this: The officers certify that a further sum beyond the last payment has been agreed upon and allowed by them in full of all claims and demands for extra work or *otherwise, under or in connection with the said contract.* The plaintiff certifies that the last payment under the contract would be in full of every claim or demand whatever in the premises, except the amount agreed upon for extra work; and further, that all claims and demands for extra work or otherwise, under or in connection with the contract, had been presented to the school officers, and that the amount to be paid therefor was the sum of $433.92. There is no evidence that the present claim was not made and passed upon. There is no evidence that prior to the payments made to the plaintiff, the present claim was presented to the defendants, or that they had notice of it; and they parted from a fund which they might have held as an indemnity against a litigation which might have followed a refusal of the school officers to give the certificates, which must have been withheld unless the damages claimed by the plaintiff had been allowed. It is no answer to this, that Mr. Davenport, the finance clerk, told the plaintiff when he signed the receipt, that the certificate only related to the extra work. He had no authority to represent or to bind the defendants in any way, and what he said cannot effect their rights. The plaintiff had signed the certificate which contained the important elements for the defendants, and there is no pretense that any undue advantage was practiced or attempted in reference to it. The certificate and receipt operated as an extinguishment of his claim. (*Devlin* v. *The Mayor*, 4 Duer, 337.) He obtained his money, giving that paper, and must take the consequences.

Secondly. The plaintiff and the mason were employed by the same principal in a common enterprise, and no action can be sus-

tained by either against the employer on account of injuries sustained by the negligence of the other. (*Coon* v. *The S. and U. R. R. Co.*, 5 N. Y., 492; *Warner* v. *Érie R. Co.*, 39 id., 468; *Brickner* v. *N. Y. C. R. R. Co.*, 49 id., 672; *Laning* v. *Same*, id., 521; *Flike* v. *Boston and A. R. R. Co.*, 53 id., 549; *Wright* v. *N. Y. C. R. R. Co.*, 25 id., 562.) This question, having been argued elaborately on both sides, is discussed, but in great doubt whether the doctrine invoked by the defendants can be called into requisition; whether, in other words, the mason, being a separate contractor, may be regarded as a servant within the principle. The plaintiff's counsel sought to avoid the application of this rule of law, upon the theory that the act which occasioned the plaintiff's damages was that of the principal — the employer — but the fact is otherwise. The delay was caused by the mason, he and the plaintiff working together in the construction of the school-house. The theory suggested rests, it would seem, on the proposition that the defendants could, by the exercise of their rights under the contract, require the mason to proceed more rapidly; but this must be assumed to be so, and without having all the facts and circumstances before us. This cannot be done by the appellate court, and could not be done by the tribunal before which the cause was tried. Neither there nor here, can any speculation be entertained, as to the result of a controversy which might have taken place between the defendants and one not a party to the record. If it were so, however, the cause would be too remote to warrant the imposition of damages. If there be any merit in the distinction sought to be enforced, it can only be where the employer is directly chargeable by his own act with causing the injury, and not, as in this case, where the attempt is made to reach him because he omitted, when he might have done so, to prevent another from doing it. The cases, *supra*, do not in any respect conflict with this conclusion. The rule which absolves the employer from responsibility for damages caused by the negligence of a fellow laborer or employe, is not free from exceptions; but they arise only when the employer has failed to select competent and skillful workmen, or materials fit for the emergency which calls for their use. The history of the doctrine itself, is given by Chief Justice CHURCH in *Flike* v. *Boston and Albany R. R. Co.* (*supra*). The rule of exception is

stated in that case as follows: "The master is liable if his own negligence or want of care produces the injury, and this may be manifested by employing unfit servants or agents, or furnishing improper or unsafe machinery, implements, facilities or materials for the use of the servant." There is in this case no evidence of the incompetency of the mason employed — a fact which, on these authorities, it is the duty of the claimant to show, if he seeks redress from the employer for the act of the fellow-servant. (25 N. Y., *supra*.) The gravamen of the plaintiff's case here is delay. The ability of the mason to accomplish his task, we do not understand to be questioned. His negligence, or rather his omission to do his work with sufficient dispatch to shield the plaintiff, is the foundation of the demand asserted. The claim of the plaintiff is one that could not well be foreseen. It was the sudden increase of wages and materials, events which are not always foreshadowed, and against which human foresight cannot always guard. The flexibility of the common law cannot mould itself so as to create a special rule for each particular case, without becoming an unsettled, fluctuating and unsteady science. There must be, and indeed there is, a general rule to meet the varied vicissitudes of life, in business and otherwise, marked however by exceptions which are the necessary results of peculiar facts and circumstances developed and requiring the qualification made. When these elements are established, there are few occasions when they are not found broad enough to embrace almost every form of redress allied to the subject to which they relate. Such is the case here. The negligence complained of is not that of the defendants, assuming the superintendent of school buildings to be the defendants' agent. It was not his duty to perform the mason work. He had no authority to hurry its performance. It may be assumed that he was to supervise it; but that was only to see that the mason performed his contract properly, and thus to protect the defendants from unjust dealings. Whether he or the defendants could expedite it by compulsory process, does not appear, as already suggested. There may have existed many and good reasons against the accomplishment of such a result. It is clear, however, that this is not a case within the exceptions to the rule stated, if the rule as suggested apply; and unless a new one is to be announced for this case, the defend-

ants are not liable. There are other questions which might be discussed here, but they are not necessary for the disposition of this appeal, and are not therefore considered.

The judgment should be affirmed, with costs.

DAVIS, P. J., concurred; DANIELS, J., concurred in the result.

Judgment affirmed.