Pickett *v.* Atlas Steamship Co.

---

FRANK PICKETT, Appellant, *against* THE ATLAS STEAM-SHIP COMPANY, LIMITED, Respondent.

(Decided May 22d, 1884.)

Plaintiff was employed, with others, at work in which it was necessary to build a scaffold, for which some of them, including plaintiff brought spars and planks, while others, who were riggers, a different class of workmen, constructed it, all working together under the same foreman. Subsequently plaintiff was injured by the falling of the scaffold, alleged to have been caused by a rope, which should have secured a spar, slipping or becoming untied. *Held,* that he was not entitled to recover from the employer damages for such injury, the negligence alleged being that of his fellow servant, for which the master was not liable.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the dismissal of a complaint and an order denying a motion for a new trial.

The action was brought to recover damages for injuries received by plaintiff by the falling of a scaffold, on which he was working for defendant, in painting and scraping the steamship Alps. At the trial, the complaint was dismissed on the ground that the plaintiff and his fellow workmen built the scaffold, and that he could not recover, as the

negligence charged—*i. e.*, the improper securing one of the spars on which the planks of the scaffold rested with a rope—was the negligence of a fellow servant, and not imputable to the master. A motion by plaintiff for a new trial was denied, and judgment for defendant was entered. From the judgment and the order denying his motion for a new trial, plaintiff appealed to the General Term of the City Court, by which both were affirmed; and from the decision of the General Term plaintiff appealed to this court.

*George W. Sandford*, for appellant.

*C. E. Souther*, for respondent.

J. F. DALY, J.—One Squires, the shore-boatswain and foreman of defendants, employed a gang of men to clean the ship's bottom. It was necessary to build a scaffold, which was supported by spars, one end of which rested on the dock, the other end being supported by ropes fastened to the rail or davits of the steamer. Plaintiff, who was a seaman, and had been boatswain on this steamer when she came in port, was employed with the gang to clean the ship. The first day they worked together, building the scaffold or bringing the timber to construct it. Plaintiff went for the spars and planks to bring them to the ship, and others of the gang erected the scaffold. These others were riggers, who are kept all the year round for that work. They are a different class of seamen from plaintiff, who had nothing to do with the building of the scaffold. The riggers built it under Squires, who superintended the work there. Altogether in the gang there were forty men. Some brought the spars and boards, and others built the scaffold. All were under Mr. Squires. The accident was caused by a rope getting loose or untied from a spar. How the rope got loose was not explained by plaintiff, who said he did not know. One of his witnesses, McGilveay, said that the accident was caused by a hitch on the line slipping; the

knot slipped; but could not say whether the accident occurred because it was improperly tied.

The defendants would be liable for the negligent construction of the scaffold by the workmen who erected it acting under the direction of their agent, unless such workmen were the fellow servants of the plaintiff (*Devlin* v. *Smith*, 89 N. Y. 476).

Fellow servants are employés who are engaged in the same general business or enterprise (*Coon* v. *Syracuse &c. R. R. Co.*, 5 N. Y. 492; *Flike* v. *Boston &c. R. R. Co.*, 53 N. Y. 553). All the men employed on the job in which plaintiff was engaged, including the riggers, were in a gang employed first to build the scaffold. That some brought the spars and timbers and others fastened them together, that some were riggers and others seamen, did not make them strangers to each other's business or employment. Mechanics of different trades may be necessarily employed on the same work and are fellow workmen.

It is not shown that the defendant, the corporation, employed an incompetent agent. or foreman, nor that it employed unfit or incompetent workmen. There were no defects in the ropes, spars or planks. All that appears is that a rope that should have secured a spar slipped or came untied. If this was proof of negligence, it was the negligence of the workmen and not of the agents of the company.

The judgment should be affirmed, with costs.

LARREMORE and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.