BELT v. HENRY DU BOIS' SONS CO.

(Supreme Court, Appellate Division, Second Department.    October 14, 1904.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—SAFE PLACE TO WORK.

Where plaintiff, while engaged as defendant's servant in placing a fender between a pile driver and a dredge belonging to defendant, was crushed between them by defendant's tug coming up against either the pile driver or the dredge, negligently and without warning, plaintiff was not entitled to recover on the ground that defendant did not furnish plaintiff with a safe place to work, since the place was reasonably safe in itself, and was made dangerous only by the manner in which the work was being done at the time.

2. SAME—FELLOW SERVANTS.

Plaintiff, who was engaged as a servant in defendant's pile-driving business, was placing a fender between a pile driver and a dredge belonging to defendant, when he was crushed between them by defendant's tug coming up against either the pile driver or the dredge, negligently and without warning. The tug was employed in the same general enterprise, and was used to tow the pile driver and dredge from place to place, and for bringing them such supplies as they needed. *Held*, that the captain of the tug was a fellow servant of plaintiff, and hence plaintiff was not entitled to recover for his negligence.

Appeal from Trial Term, Kings County.

Action by Snowden J. Belt against the Henry Du Bois' Sons Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Joseph Fettretch, for appellant.
Stanislaus N. Tuckman, for respondent.

HIRSCHBERG, P. J.    It would seem from the evidence that the defendant, a domestic corporation, is engaged in the dredging and pile-driving business. The plaintiff was injured while working in its employ at one of the piers at Hoboken. He was engaged at the time in placing a fender between a pile driver and a dredge belonging to the defendant, and was crushed between them, as he claims, by a tug coming up against either the pile driver or the dredge, negligently and without warning. The tug also belonged to the defendant, and was a part of the dredging outfit. It was used for the purpose of towing the pile driver and dredge from place to place, and for bringing to them lumber, coal, water, food, and other material as might be required in the conduct of the business. The negligence charged against the defendant is that of the captain of the tug in coming up against the other vessels on the occasion in question without giving a signal of his approach, and, if he is to be regarded as a fellow servant of the plaintiff, it is manifest that the judgment cannot be sustained. The question of furnishing a safe place to work in is not presented. The place where the plaintiff was required to work was reasonably safe in itself. The dangerous condition was occasioned by the manner in which the work was being done at the time, viz., in the performance of that detail of the work

which consisted in bringing necessary material and supplies to the men engaged upon the dredge and pile driver. Although the work of the captain of the tugboat was different in its nature and character from that performed by the men upon the other vessels, the labor of all united in the prosecution of a common enterprise under the employment of a common master, and they are accordingly to be deemed fellow servants with respect to all acts excepting those which the law imposes upon the master as his specific duties. It was early held by the Court of Appeals in Coon v. The Syracuse and Utica Railroad Co., 5 N. Y. 492, that the rule absolving an employer for liability to one servant for the negligence of another was applicable notwithstanding the employments of the servants were separate and distinct, provided both were necessary to the prosecution of a common enterprise. The same doctrine was applied in the decision of the case of Boldt v. The New York Central Railroad Company, 16 N. Y. 432, a case which cannot be distinguished in principle from the one at bar. There a laborer was employed to gravel a new and unfinished railroad track, upon which no train had ever been run, and while walking upon it towards the place where he was to commence his day's work he was overtaken and injured by a passenger train using the new track in consequence of a temporary obstruction upon the old one. The court said (page 433): "The plaintiff who suffered and the persons who caused the injury were in the service of one employer—the railroad company; the plaintiff in preparing a track, and the others in running trains, but both in the common enterprise of maintaining and operating the railroad." It was accordingly held that there could be no recovery. For other cases illustrating the same general principle applied where the nature of the work of the various servants or agents is distinct and separable, see Hofnagle v. N. Y. Cen. & H. River R. R. Co., 55 N. Y. 608; McCosker v. Long Island Railroad Co., 84 N. Y. 77; Slater v. Jewett, 85 N. Y. 61, 39 Am. Rep. 627; Brick v. Rochester, N. Y. & P. R. R. Co., 98 N. Y. 211; Stringham v. Hilton, 111 N. Y. 188, 18 N. E. 870, 1 L. R. A. 483; Ford v. The Lake Shore & Michigan Southern Railway Company, 117 N. Y. 638, 22 N. E. 946; Arnold v. Delaware & H. Canal Co., 125 N. Y. 15, 25 N. E. 1064; Corcoran v. The Delaware, Lackawanna & Western Railroad Company, 126 N. Y. 673, 27 N. E. 1022; Soderman v. Kemp, 145 N. Y. 427, 40 N. E. 212; Mele v. The Delaware & Hudson Canal Company (Super. N. Y.) 14 N. Y. Supp. 630; Niles v. New York Cent. & H. R. R. R. Co., 14 App. Div. 58, 43 N. Y. Supp. 751; Corcoran v. New York, N. H. & H. R. R. Co., 46 App. Div. 201, 61 N. Y. Supp. 672; Kennedy v. Allentown Foundry, 49 App. Div. 78, 63 N. Y. Supp. 195; Ward v. Naughton, 74 App. Div. 68, 77 N. Y. Supp. 344. The case of Tendrup v. John Stephenson Co., 51 Hun, 462, 3 N. Y. Supp. 882, cited by the learned counsel for the respondent, is not in point. In that case it was held by a divided court that the servant who did the mischief which caused the accident occupied the place of the defendant at the time, and was engaged in the work of the defendant, and not in that of a servant. It cannot be successfully asserted in this case that it was any part of the defendant's duty to blow the whistle, or give any other warning of the approach of the tug. Its duty was discharged when it employed a competent captain and furnished him with the means and appliances of

89 N.Y.S.—68

safe navigation, and when the specific act or omission which caused the injury is not the personal act or omission of the master himself the question whether it can be imputed to him as occurring in the discharge of his duty as master is always dependent upon a determination of its nature and character. Crispin v. Babbitt, 81 N. Y. 516, 37 Am. Rep. 521; Loughlin v. State of New York, 105 N. Y. 159, 11 N. E. 371.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.