HEATH v. HEATH.

Whether or not, in a bastardy proceeding, the mother, in the time of travail, made to the persons attending her the declaration required by Rev. Sts., c. 68, s. 4, is immaterial, since the removal of the disability of parties to testify, and the omission of that provision of the Revised Statutes from the General Statutes.

Intentional neglect to state the particular point of an objection to evidence will ordinarily be treated as a waiver of such objection, if it might have been avoided had the objection been stated.

COMPLAINT, for bastardy; tried by the court. The defendant excepted generally to the admission of evidence showing that the plaintiff, in the time of her travail, made to the persons attending her the declaration required by Rev. Sts., c. 68, s. 4, to render her a competent witness.

*Dudley* and *Ray*, for the defendant.

*Aldrich & Shurtleff*, for the plaintiff.

STANLEY, J. Before the disability of parties to testify was removed, the mother was a competent witness as to the paternity of the child, provided she declared when in travail that the defendant was the father, and continued constant in such accusation. Rev. Sts., c. 68,

*s.* 4.   When the disability was removed, and this provision of the Revised Statutes was omitted in the General Statutes, no such declaration was necessary to make her a competent witness.   While this provision of the Revised Statutes was in force, the question of competency was for the court, and the evidence on this point was addressed to the court; and if the case had been tried by the jury before the change in the law, the court, if requested, would have instructed the jury not to consider it; and if the case had been tried by the court, the court, whether requested or not, would not have considered it on any other question than that of the competency of the witness.

There having been no suggestion on the trial of the change in the law, and no objection to its relevancy on account of the change, it is to be presumed that it was only considered by the court upon the question on which it was formerly competent, and on which it was always received in the former practice, and the defendant has no reason to complain of its consideration on that question.

The objection is untenable on another ground.   The defendant, having in mind the change in the law, and relying upon it, objected generally, but did not state the particular point of the objection, knowing that it would cause the rejection of the evidence.   This was a waiver of the objection.   The true rule is, that in all objections to the admissibility of evidence which are technical, and do not go to the merits, the ground of the exception must be stated; otherwise, the objection will be treated as waived.   *Moore* v. *Ross*, 11 N. H. 547, 557 ; *Ford* v. *Monroe*, 20 Wend. 210 ; *McConihe* v. *Sawyer*, 12 N. H. 396 ; *Whipple* v. *Stevens*, 22 N. H. 219 ; *Hayward* v. *Bath*, 38 N. H. 179.

*Exceptions overruled.*

Smith, J., did not sit.