HAINES v. THE REPUBLIC FIRE INS. CO.

An exception to the charge of the court stands upon the ground intended when it was taken.

An exception to an erroneous instruction to the jury will be treated as waived, unless, when taken, it is so stated that the ground of it can be understood.

ASSUMPSIT, on a policy of insurance.   The evidence tended to show that the application was taken by one Page, who was employed by Webster, Morrill & Co., the defendants' agents, to solicit insurance for them, and give them information as to proposed risks, and that he received a commission on the premiums on policies issued on risks obtained by him.  ' The defence was, that there was a fraudulent over-valuation of the property.   The plaintiff claimed that Page was the defendants' agent, and that they were bound by his knowledge of the condition of the property.

On this branch of the case, the court instructed the jury as to the duties of agents and how far their acts were binding on the company, and called their attention to the provisions of Gen. St., c. 159, and stated to the jury that there was no evidence that Page possessed the qualifications required by the statute for an agent.

The plaintiff excepted to these instructions, but did not state the ground of exception.   At the time the instructions were given and the exception was taken, the plaintiff's counsel were not aware that the statute referred to by the court had been repealed, and did not take the exception on that ground.

Verdict for the defendants, and motion by the plaintiff for a new trial.

*S. B. Page, Burrows & Jewell,* and *Bingham,* for the plaintiff.

*Putnam, Carpenter,* and *George,* for the defendants.

STANLEY, J.   The only error in the instructions was as to the qualifications of agents; but this is not now open to the plaintiff. The exception was general.   The point now taken was not known to or relied on by the counsel at the time the exception was taken.

Exceptions must stand on the ground on which the party taking them intended they should stand when they were taken. But if, when taken, it was intended to rely on this point, it could not now avail the plaintiff, for the attention of the court was not called to the point now relied on. When an exception is taken to instructions which are erroneous, upon a point which, if made known at the time, would have been rectified, the point must be stated, so that the court can understand the ground of objection, and have an opportunity to correct the error. If not stated, the exception will be regarded as waived. It would be unjust to allow a party to lie by and take the chances of a verdict in his favor, and, if defeated, avail himself of an exception which might have been obviated if seasonably known. *Moore* v. *Ross*, 11 N. H. 547, 557; *McConihe* v. *Sawyer*, 12 N. H. 396; *Whipple* v. *Stevens*, 22 N. H. 219; *Hayward* v. *Bath*, 38 N. H. 179; *Heath* v. *Heath*, 58 N. H. 292; *Ford* v. *Monroe*, 20 Wend. 210.

*Exception overruled.*

CLARK, J., did not sit: the others concurred.