EMERY, *Adm'r, v.* BOSTON & MAINE RAILROAD.

A violent, unusual, and unexpected movement of a railroad car, after the train has stopped at a station and while passengers are getting ready to leave the car, tends to show negligence on the part of the railroad corporation.

Where a person already ill is injured through the defendant's negligence, additional expenses of the illness, which are caused by the injury complained of, are an element of damages.

CASE, for personal injuries to Hannah E. Emery, deceased since bringing the action, which is prosecuted by her husband and administrator. Verdict for the plaintiff. The plaintiff's evidence tended to prove that Mrs. Emery was in feeble health before the accident; that she took passage in the defendants' cars from Boston to Portsmouth; that after the train had stopped at the Portsmouth station and she had arisen from her seat to go out, the car was suddenly and without notice violently jerked backwards, throwing her upon the back of the seat in front of her and causing the injury complained of; that her death resulted from such injury; that such a violent backward jerk of a train standing still could be caused only by something striking the cars, or by an attempt to back up the train; and that it would not be produced by relaxing the air brakes. The defendants moved for a nonsuit.

The court refused to grant the motion, and the defendants excepted.

The court instructed the jury that they might consider any additional expenses of Mrs. Emery's sickness, caused by the accident, as an element of damages, if they found the plaintiff entitled to a verdict. To this instruction the defendants excepted.

*Samuel W. Emery*, for the plaintiff.

*Calvin Page* and *Frink & Batchelder*, for the defendants.

BLODGETT, J.    The motion for a nonsuit was properly denied. The violent and unusual backward jerk of the car, without notice or warning to the passengers, after the train had stopped at the station and the deceased was getting ready to leave the car in the usual manner, afforded competent evidence tending to show negligence on the part of the defendants, and was sufficient to authorize the plaintiff to go to the jury.    *Foss* v. *Baker*, 62 N. H. 247, 249.

The additional expenses occasioned to the deceased by the injury in her life, or to her estate upon her decease, constituted a proper element of damages for the consideration of the jury, if they found the plaintiff entitled to a recovery.    Laws 1887, *c.* 71, *s.* 1; P. S., *c.* 191, *ss.* 8, 9, 12.    As a general legal proposition, the instruction as to damages was correct, and the presumption is that it was applicable to the evidence.    But if it was inapplicable, as the defendants now for the first time claim it to have been, their general exception is unavailing.    In such a case there must be a specification of error, so that the attention of the court may be called to it and the error corrected before the j. y retire, or the verdict will not be disturbed.    *Edgerly* v. *Railroad, ante,* p. 312, and authorities cited; *Rowell* v. *Chase*, 61 N. H. 135.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.