Merrimack, }
Dec., 1898. }

### ROBERTS *v.* RICE & *a.*

An unacknowledged deed of real estate is valid as against those claiming in opposition to the grantor's title.

An objection to a mode of proof will be treated as waived unless specifically stated at the trial.

In an action for the recovery of real estate, an admission of the ownership of a party under whom the plaintiff claims, by one in possession of the premises, is evidence of the plaintiff's title, although the defendant does not claim under such occupant.

Entries in a policy register, made in the usual course of business by an insurance agent since deceased, are admissible to show the issuance of policies, in a suit between third parties.

Evidence that the occupant of premises procured insurance thereon in her own name and that of one under whom the plaintiff claims is admissible to prove the latter's title.

WRIT OF ENTRY, for land in Pittsfield. Plea, *nul disseisin.* Facts found by the court. The plaintiff introduced a deed of the demanded premises to herself from Ellen J. Roberts, dated August 29, 1892, and, subject to the defendants' exception, an office copy of an unacknowledged deed from Andrew L. Roberts to Ellen, dated January 16, 1874. The stated ground of the exception was that the deed was without acknowledgment. The transfer of the title to Andrew from Moses E. Dow was proved by a recorded deed, dated May 2, 1859. Dow's title was admitted, except as affected by the mortgages hereinafter mentioned.

The defendants are the children of Timothy S. and Clara L. Matthews, and claim title by prescription and under two duly recorded mortgage deeds from said Dow to Tobias Roberts, dated December 7, 1857, and January 20, 1859. The only evidence in support of the claim under the mortgages was the production of office copies and the testimony of the defendant Alice P. Rice, as follows : "I saw a mortgage, Tobias Roberts to my father, handed to my mother by him. He said, ' Mother, keep this mortgage ; you may never want it, but keep it ; this is the only direct title we have to this place,— the only title we have.' " She further testified that this occurred when her father was on his death-bed, that she saw the mortgage in his desk after his death, and had seen her mother searching for it later without finding it. The witness was eleven years old, and her sister Mary, the other defendant, nine years old, when their father died.

From about the time of the conveyance of Dow to Andrew, the premises were occupied by Timothy and his family until his death in 1876, and after that by his widow and children until the widow's death in 1896. There was no evidence of a claim of title or right of possession as against Clara or any one, by either of the children, until after Clara's death. The premises were taxed to Timothy from 1859 until his death, and subsequently to his heirs, except in 1890, when they were taxed to Andrew. Clara refused to pay the tax of that year until it was made out to Timothy's heirs. Andrew died in 1892. Timothy or Clara have paid the taxes, and there was no evidence of any interference with their possession until the bringing of this suit.

Andrew lived in New York, and bought the premises through the agency of his brother Frank, for the purpose of providing a home for Clara, his sister. Subject to the defendants' exception, Lizzie O. Sargent testified that immediately after the deed was made Frank said to Clara, " You have got a good home as long as you live, by paying taxes and insurance and keeping the house in repair."

The plaintiff also put in evidence, subject to exception, entries upon a policy register kept by one Berry, an insurance agent in Pittsfield, now deceased, tending to show the issuance of policies upon the buildings on the premises and the household furniture therein, in which the insured were Andrew and Clara. The entries were in the years 1883, 1885, 1887, 1889, and 1891. There were also entries in the handwriting of the witness who produced the register, showing the issuance of a like policy in 1893 to Andrew's estate and Clara; a policy on the buildings only to Lydia J. Roberts in 1894; one on buildings and furniture to Clara in 1895; and a like policy to Clara's heirs in 1896. It appeared that Clara attended to the insurance on the property.

The consideration of the conveyance from Dow to Andrew was stated in the deed as $675, and this was the sum furnished by Andrew. As tending to show it was not the full consideration, the defendants offered the inventory of the estate of Moses Dow, father of Moses E. Dow, made in 1854, showing that the premises were appraised at $1,000. The evidence was excluded, and the defendants excepted.

The court found that the occupation of Clara and Timothy Matthews was not adverse to that of the plaintiff and her grantors, and that the plaintiff was entitled to judgment.

*Sargent, Hollis & Niles*, for the plaintiff.

*Edgerly & Mathews*, for the defendants.

PIKE, J.  1. The verdict was justified by the evidence if the test mony excepted to was properly received.

2. The deed of Andrew L. Roberts to the plaintiff's grantor, although unacknowledged, was valid as against the defendants. Acknowledgment and record are required only as protection to creditors and subsequent purchasers without notice.  The defendants claim in opposition to Andrew's title,— not under it; and as against them, the absence of acknowledgment was immaterial.  *Stevens* v. *Morse*, 47 N. H. 532, 533; *Cushing* v. *Miller*, 62 N. H. 517, 524.  The defendants now for the first timecontend that the office copy was not evidence of what the unacknowledged deed contained.  The objection is purely technical, and if relied upon should have been stated specifically at the trial so that the plaintiff might have an opportunity to obviate it by offering the deed itself.  The failure to do this was a waiver of the objection.  *Heath* v. *Heath*, 58 N. H. 292; *Haines* v. *Insurance Co.*, 59 N. H. 199; *Sanborn* v. *Wilder*, 68 N. H. 471.

3. The testimony of Lizzie O. Sargent was properly received. It does not appear that Clara made any reply to the statement of Andrew's agent concerning the terms under which she was permitted to hold the premises.  Her silence under the circumstances was, in effect, a declaration that Andrew was the owner. *Corser* v. *Paul*, 41 N. H. 24, 29.  She was in possession, and her declaration as to Andrew's ownership was affirmative evidence of the plaintiff's title, notwithstanding the fact that the defendants do not claim under her, but claim under Timothy.  *Spence* v. *Smith*, 18 N. H. 587, 592; *Bradley* v. *Spofford*, 23 N. H. 444, 446.

4. A part of the entries on the policy registers were made by an insurance agent, since deceased, and a part by the witness who produced the registers.  They were all made in the regular and usual course of business, by persons whose duty required them to make the entries, and were evidence that policies of insurance on the buildings and furniture had been issued to Andrew and Clara.  *Lassone* v. *Railroad*, 66 N. H. 345.  It appeared that Clara attended to the insurance, and that the policies referred to were issued from an office in Pittsfield where she lived.  This tended to prove that Clara procured the policies to be issued to Andrew and herself, which fact was evidence of an admission by Clara that Andrew had an interest in the property.  Clara was in possession when the policies were issued, and an admission by her was evidence of the plaintiff's title.  *Spence* v. *Smith*, supra ; *Bradley* v. *Spofford*, supra.

5. The question of the admissibility of the inventory of Moses Dow's estate, not having been alluded to in argument, is regarded as waived and has not been considered.

*Exceptions overruled.*

PARSONS, J., did not sit: the others concurred.