Coös, }
Dec., 1900. }

## MATTHEWS *v.* CLOUGH.

If an injury to a servant results from the co-operating negligence of a fellow-servant and the master, the latter is liable therefor.

Where instructions to the jury present conflicting propositions of law, a failure to point out the inconsistency at the trial is a waiver of the right to insist upon it as a ground of exception.

CASE, by an employee, for injuries caused by negligence in not furnishing suitable materials for a staging. Verdict for the defendant. The plaintiff, while in the employ of the defendant, assisted in erecting a staging by the side of a building owned by her. He sawed putlogs from lumber obtained from portions of a building that had been taken down, and handed them to fellow-workmen, who put them in place and nailed them. Subsequently, while the plaintiff was upon the staging, one of the putlogs broke and caused an injury to him. The defendant's evidence tended to prove that the putlog was improperly nailed.

The jury were instructed, among other things, as follows: " It has been said that was due to the carelessness of a fellow-servant; that somebody else nailed this board [putlog] as it ought not to have been nailed. If you find the injury was due to the way the board was nailed,— that the board was reasonably safe and would not have broken under the circumstances if it had been properly nailed,— the plaintiff has no remedy against the defendant. If you find the accident was partially due to the board being insufficient, provided the defendant was negligent in not furnishing reasonably suitable materials for a staging, and partially due to its being improperly nailed, the plaintiff would be entitled to recover." Subject to the plaintiff's exception, the jury were further

instructed: "If you find this board would have held if it had been properly nailed, the plaintiff cannot recover."

*Fletcher Ladd* and *Chamberlin & Rich*, for the plaintiff.

*Drew, Jordan & Buckley*, for the defendant.

CHASE, J.   The master is liable for an injury to his servant caused by negligence of the master co-operating with negligence of a fellow-servant, the injured servant being in no fault.   *Paulmier* v. *Railroad*, 34 N. J. Law 151; *Morrisey* v. *Hughes*, 65 Vt. 553; *Cone* v. *Railroad*, 81 N. Y. 206; *Norfolk & Western R. R.* v. *Nuckols*, 91 Va. 193; *Grand Trunk R'y* v. *Cummings*, 106 U. S. 700; *Cayzer* v. *Taylor*, 10 Gray 274; *Clark* v. *Soule*, 137 Mass. 380; 2 Shearm. & Red. Neg. (5th ed.), s. 188.

This principle seems to have been stated to the jury in the first instance in a form that was satisfactory to the plaintiff, as he took no exception to that portion of the instructions; but he says the proposition, that the plaintiff could not recover if the putlog would have held in case it had been properly nailed, conflicts with the principle and was erroneous.   This position arises from considering the proposition independently of its connections and construing it literally.   When it is considered in connection with the other portions of the charge, it appears to be but a restatement of the idea that if the breaking of the putlog was due to the manner in which it was nailed, and not to its insufficiency, the plaintiff could not recover.   If the plaintiff had any doubt on this point, he should have brought it specially to the attention of the court.   It is not to be presumed that the court would intentionally present conflicting propositions of law to the jury.   If he had understood that the plaintiff believed this had been done, or that the instructions were liable to such interpretation, no doubt such change in the form would have been made as to remove all possibility of reasonable objection on that ground.   If the plaintiff believed there were conflicting propositions in the charge, he was not at liberty to sit by and take the chance of winning upon the proposition that was favorable to him, without also taking the risk of being defeated upon the proposition that was unfavorable to him. If he wished to avoid taking the risk, it was his duty to specially point out the inconsistency so that it might be remedied.   Fairness and justice demanded this course.   As he failed to do so, he waived the right to insist upon the inconsistency as a ground of exception.   "A general objection will be insufficient where the special point of the objection insisted upon is such that, if it had been specifically pointed out at the trial, it might have been obvi-

ated, or where the general objection was calculated to divert the attention from the special objection on which the party intended to rely." *Hayward* v. *Bath,* 38 N. H. 179, 183 ; *Haines* v. *Company,* 59 N. H. 199 ; *Emery* v. *Railroad,* 67 N. H. 434, 435.

*Exception overruled..*

PIKE, J., did not sit : the others concurred.