Strafford,
March 5, 1907.

CLARK & *a.*   *v.*   MIDDLETON.

The fact that property is assessed for purposes of taxation at more than its
fair market value is not sufficient to sustain the owner's petition for an
abatement, in the absence of evidence that such valuation is disproportion-
ate to that placed upon other property in the taxing district.

Where a petitioner for an abatement of taxes establishes the over-valuation
of his own estate, but produces no evidence as to the appraisal of other
property in the taxing district, he is not entitled to a finding that such
other property was assessed at its fair market value, by force of the pre-
sumption of a performance of duty by public officers.

The rule that an objection which may be cured at the time by further
evidence or action is waived unless the ground of objection is specifically
stated, applies equally upon a motion to dismiss, where the ground of the
motion could readily have been obviated if the objection had been made
known.

PETITION, for an abatement of taxes. Trial by the court and
decree for the plaintiffs. Transferred from the September term,
1906, of the superior court by *Stone*, J., upon the defendants'
exception to the denial of their motion to dismiss the petition.

*George E. Cochrane* and *James A. Edgerly*, for the plaintiffs.

*John Kivel* and *George T. Hughes*, for the defendants.

PARSONS, C. J.   The plaintiffs alleged as the ground upon
which they asked an abatement of the tax assessed against them,
that the valuation of their property upon which the tax was
assessed was not in proportion to the valuation of other property.
Upon competent evidence, at the trial it was found that the fair
market value of the plaintiffs' property, appraised at $5,000, was
$2,000; but there was no evidence of the valuation of any other
property, or that the valuation of $5,000 placed by the selectmen

upon the plaintiffs' property was disproportionate to the valuation placed by them upon other property. There was, therefore, a failure of direct evidence tending to establish a point made essential by the pleadings, and which was material as matter of law. *Winnipiseogee etc. Co.* v. *Laconia, ante,* 82; *Amoskeag Mfg. Co.* v. *Manchester,* 70 N. H. 200. The decree for the plaintiffs appears to have been based on the assumption, or finding, that other property in the town was appraised at its fair market value. In the absence of direct evidence upon this point, the decree cannot be sustained; and the motion to dismiss should have been granted unless there are facts in evidence from which such inference could properly be made. It was the duty of the selectmen to appraise all property at its fair market value. P. S., c. 58, s. 1. If there is a presumption that public officers have performed their duty, sufficient in the absence of any evidence to sustain the burden of proof in favor of one relying upon the regularity and validity of their proceedings (*Cross* v. *Brown,* 41 N. H. 283, 289), such presumption will not aid the plaintiffs here, because they have by direct evidence established that all the property in Middleton, as to the appraisal of which there was evidence, was appraised at two and one half times its value.

The appraisal of other property has heretofore become material in tax abatement cases upon the claim of the plaintiffs that such property was appraised at less than its value. In this case the plaintiffs appear to concede that such property was not so appraised. The question, therefore, is not material unless it is claimed by the defendants that the other property in the town, as well as that of the plaintiffs, was appraised in excess of its fair market value. It does not appear that the defendants, in making their motion to dismiss, made such claim or stated the ground upon which they relied. It is a general rule that an objection which may be cured at the time by further evidence or action is waived unless the ground of the objection is specifically stated. *Blodgett* v. *Webster,* 24 N. H. 91; *Whitehouse* v. *Bickford,* 29 N. H. 471, 481; *Hayward* v. *Bath,* 38 N. H. 179, 183; *Ossipee Mfg. Co.* v. *Canney,* 54 N. H. 295, 314, 315; *Haines* v. *Insurance Co.,* 59 N. H. 199; *Edgerly* v. *Railroad,* 67 N. H. 312, 317; *Emery* v. *Railroad,* 67 N. H. 434, 435; *Matthews* v. *Clough,* 70 N. H. 600, 602; *Wheeler* v. *Railway,* 70 N. H. 607, 615. The principle has been applied, in the cases cited, to exceptions to evidence and to instructions to the jury; but it applies equally upon a motion to dismiss, where the ground of the motion could readily have been obviated at the time if the objection had been made known. *Baldwin* v. *Wentworth,* 67 N. H. 408; *Elwell* v. *Roper,* 72 N. H. 585, 587.

Upon the plaintiffs' concession that other property was appraised at its full value and the absence of claim that it was appraised at a higher rate, it may have been inferred that such was conceded to be the fact. Such conclusion may have been amply justified by the course of the trial, and if well founded would support the decree. If it were clear that the objection now insisted upon was not taken at the trial, the exception would be overruled; but although the ground of the motion to dismiss is not expressly stated, the character of the findings has some tendency to show that the question now raised may have been presented at the trial. Justice therefore requires that the case should be discharged for judgment for the plaintiffs according to the decree, unless the defendants at the trial based their motion to dismiss upon the ground that the property in the town other than the plaintiffs' was appraised in excess of its true value. If this was the defendants' contention at the trial, the motion should be granted on the evidence reported. Should the plaintiffs ask to reopen the case and for an opportunity to introduce evidence as to the appraisal of other property, the superior court has power to grant such request should justice require.

                                              *Case discharged.*

All concurred.