Merrimack, }
Jan. 5, 1915. }

## BOW & a. v. GEORGE E. FARRAND, State Treas.

A tax is equal and proportional, within the meaning of article 5 of the constitution, if it is levied at the same percentage of value on all taxable property in the taxing district, and is based upon a valuation made within a reasonable time prior to the assessment.

Whether a state tax shall be assessed upon a valuation of property made two years earlier is a question for the legislature; and the action of the law-making body cannot be revised by the court unless all fair-minded men must agree that it is unreasonable.

The collection of a tax will not be enjoined when such action would be clearly unreasonable.

PETITION, by the town of Bow and certain taxpayers therein, alleging that the state tax assessed against the town for the year 1914 is more than its just share of the public expense, and praying that the warrant be corrected and that the defendant be enjoined from collecting so much of the tax as is illegal. Transferred without a ruling from the April term, 1914, of the superior court by *Branch*, J.

*Robert W. Upton* (by brief and orally), for the plaintiffs.

*James P. Tuttle*, attorney-general (by brief and orally), for the defendants.

YOUNG, J. The plaintiffs contend that the assessment is illegal because the tax is (1) unequal and (2) based on the apportionment of 1913.

There was substantially less taxable property in Bow in February, 1914, when this tax was assessed, than in April, 1912, when the valuation on which the assessment is based was made; and the plaintiffs contend that the assessment is for this reason in conflict with the provision of article 5 of the constitution which requires taxes to be equal and proportional. This tax is not unequal within the meaning of that provision unless the property in a taxing district must be valued as of the day the tax is assessed; for it is ordinarily held that the test to determine whether a tax is equal and proportional is to inquire whether the taxpayers' property was valued at the same per cent of its true value as all the taxable prop-

erty in the taxing district.  *Clark* v. *Middleton*, 74 N. H. 188; *Boston & Maine R. R.* v. *Franklin*, 76 N. H. 459.  In other words, unless a person is entitled to have his property valued as of the day the tax is assessed, he cannot complain of the inequality of his tax if his property is valued at the same time and at the same per cent of its true value as all the property in the taxing district.

There is no provision of the constitution which requires property to be valued as of the day the tax is assessed (Const., *art.* 6); and it is obvious that in so far as the state tax is concerned that would be an impossibility.  Therefore, if a taxpayer has any rights which the legislature is bound to respect, relative to the time within which property shall be valued for the purpose of assessing a tax, the most he can insist upon is that the property shall be valued within a reasonable time before the tax is assessed.  What constitutes such a time is a question of fact for the legislature.  Consequently the only question of law on this branch of the case is whether the court can say all fair-minded men must agree that it is unreasonable to base an assessment on a valuation made two years earlier.  Instead of the court being able to say that all fair-minded men must so agree, it can say that they must agree that that is the reasonable thing to do.

It will not be necessary to consider whether the court can revise the action of the defendant in assessing this tax, and enjoin its collection if the assessment should have been based on the apportionment of 1911, instead of on the apportionment of 1913, for the question whether an injunction shall issue rests in the discretion of the court.  *First Nat'l Bank* v. *Savings Bank*, 71 N. H. 547, 551.  Consequently, if the court has such power it will not exercise it unless that is the reasonable thing to do.  All fair-minded men must agree that it would be unreasonable to enjoin the collection of this tax merely because it is based on the apportionment of 1913, for that is the one on which the tax assessed against all the other cities and towns in the state for the year 1914 is based.

*Case discharged.*

All concurred.