Hillsborough, }
Nov. 1, 1921. }

### STATE v. JEAN B. ISABELLE.

Under P. S., c. 209, s. 25, a juror is not disqualified by the fact that in an action pending in the court against him, counsel for the respondent is counsel for the plaintiff.

A respondent cannot insist upon a ground for his exception, which he did not specify at the trial, nor then call to the court's attention.

An objection which may be cured at the time by further evidence or action is waived, unless the ground of the objection is specifically stated.

INDICTMENT, for manslaughter for negligently causing the death of certain occupants of an automobile alleged by the state to be in the custody and control of the respondent. Trial by jury and verdict of guilty in the second degree.

After the drawing of the jury had been completed, and after the respondent had exhausted all his peremptory challenges, but before the jury was sworn, counsel for the respondent brought to the attention of the court the fact that there was an action pending against one of the jurors, in which Doyle & Doyle were counsel for the plaintiff. Jeremiah J. Doyle, one of the respondent's counsel, is a member of this firm, but it appeared that he had no knowledge of the suit until all the respondent's challenges had been exhausted.

Upon these facts the respondent moved that the juror be excused. The court ruled that no disqualification had been shown and denied the motion. To this ruling the respondent excepted.

Exceptions were also taken by the respondent to the argument of the solicitor, which are set forth in the opinion.

A bill of exceptions was allowed at the January term, 1921, of the superior court by *Branch*, J.

*George I. Hazelton*, solicitor, and *Oscar L. Young*, attorney-general (*Mr. Young* orally), for the state.

*Cyprien J. Belanger* and *Jeremiah J. Doyle* (*Mr. Belanger* orally), for the respondent.

PLUMMER, J. The ground of the respondent's exception to the ruling of the court that no disqualification of the juror had been shown, was that an action was pending in the court against one of the jurors in which counsel for the respondent was counsel for the plaintiff. It is provided in section 25 of chapter 209 of the Public Statutes that "any juror may be required by the court, on motion of a party

in the cause to be tried, to answer upon oath . . . whether any one of the counsel in the cause is employed by him in any action then pending in said court. If it appears that any juror is not indifferent, he shall be set aside on that trial." The facts brought to the attention of the court did not disclose that any of the counsel in the case was employed by any juror in an action then pending in the court, and the presiding justice correctly ruled that no disqualification of the juror had been shown. The respondent now contends that the verdict should be set aside because the juror was disqualified to sit in the case under section 24 of chapter 209 of the Public Statutes, which provides that "no person shall serve as a petit juror at a term of court at which he has a cause pending which may be tried by jury at that term, but he shall be discharged from service as a juror."

The respondent at the trial did not claim an exception under the foregoing statute, but rested his exception solely upon the statute first cited. The respondent cannot rely upon a ground for his exception which he did not specify at the trial, nor call to the court's attention. *Mason* v. *Railway,* 79 N. H. 300; *Gardner* v. *Company,* 79 N. H. 452, 457; *Bourassa* v. *Railway,* 75 N. H. 359, 362; *Paine* v. *Railway,* 58 N. H. 611, 615. As he made no objection to the juror on account of the provision in section 24, and did not refer to it at the trial, it is presumed that he waived any disqualification of the juror contained therein. *Richard* v. *Company,* 79 N. H. 380, 387; *Carpenter* v. *Carpenter,* 78 N. H. 440, 454; *State* v. *Richmond,* 26 N. H. 232, 243; *State* v. *Albee,* 61 N. H. 423, 428.

The facts upon which the respondent now bases his contention that the verdict should be set aside were fully known to him when he objected to the competency of the juror. If objection had then been made when the jury was impaneled, that the juror was disqualified upon the ground now claimed, the court could have considered the matter, and discharged the juror if found disqualified. "It is a general rule that an objection which may be cured at the time by further evidence or action is waived unless the ground of the objection is specifically stated." *Clark* v. *Middleton,* 74 N. H. 188; *Matthews* v. *Clough,* 70 N. H. 600; *Roberts* v. *Rice,* 69 N. H. 472, 474; *Sanborn* v. *Wilder,* 68 N. H. 471.

The following statement made by the court in *Haines* v. *Insurance Co.,* 59 N. H. 199, 200, although relative to instructions, is pertinent to this case: "When an exception is taken to instructions which are erroneous, upon a point which, if made known at the time, would have been rectified, the point must be stated, so that the court

can understand the ground of objection, and have an opportunity to correct the error. If not stated, the exception will be regarded as waived. It would be unjust to allow a party to lie by and take the chances of a verdict in his favor, and, if defeated, avail himself of an exception which might have been obviated if seasonably known." If the objection now urged could have been sustained at the trial, it is now of no avail, because it was not then made nor claimed.

A witness for the state on cross-examination repeated a statement made to him by a woman who was in the automobile when the accident occurred. The statement was made by her in a hospital a few hours before she died. In his argument to the jury, the solicitor, referring to the statement, said: "This was a dying declaration, which, according to law, we could not introduce unless the woman believed she was going to die, and it was introduced as a dying declaration." Counsel for the respondent stated: "I wish to take exception to the argument that this was a dying declaration." The solicitor then said: "Your Honor, I said that we could not introduce it unless the woman believed that she was about to die. If they object, I will withdraw the statement that it was a dying declaration. It was a declaration made before death; it was not a dying declaration because we did not have the woman believe that she was going to die. So we could not introduce it here for the state." Exception by the respondent.

The statement made by the woman was in fact a dying declaration, although it was not given with the formalities that would render it admissible in evidence as such. This is in substance what the solicitor told the jury when the first exception was interposed. In his subsequent remarks he explained fully and clearly that the statement was not competent to be presented in evidence by the state as a dying declaration. The statement was introduced by the respondent's counsel on cross-examination, and being in evidence it was legitimate for the solicitor to comment upon it. The argument was proper, and it was not prejudicial to the respondent, but was favorable to him "because it disclosed that the declaration was not clothed with the solemnity of knowledge of impending death."

There was an exception by the respondent to evidence, but it is not understood that reliance is placed upon it.

*Exceptions overruled.*

All concurred.