ARTHUR G. SPEAR, Appellant *vs.* CITY OF BATH.

Sagadahoc.    Opinion October 15, 1925.

*Equality and uniformity are the cardinal principles to be observed in tax levies.*
*Where it is impossible to secure both the standards of true value and the uniformity*
*and equality required by law, the latter requirement is to be preferred as the just and*
*ultimate purpose of the law.*

A taxpayer has no grievance when it is shown that all property in the taxing
district is assessed on the same basis. If the appraisement of all estates in
the district is uniform and equal, though magnified, an abatement would
produce not equality but inequality.

But when (nothing else appearing) it is shown that property is assessed substan-
tially in excess of its just value inequality is presumed and the taxpayer is
prima facie entitled to relief. He is not bound to produce evidence of dis-
crimination.

Under our statute it is not necessary for the taxpayer asking an abatement to
prove fraud or intentional overvaluation. If he is found to be overrated he
may be granted such abatement as the court deems reasonable.

But, discrimination not appearing, he must prove that the valuation having
reference to just value is manifestly wrong. He must establish indisputably
that he is aggrieved.

A sale by auction is not a true criterion of just or market value.

Proof that property was sold by public auction at a price lower, even much lower,
than the assessed valuation does not alone show that the assessors were mani-
festly wrong. It does not establish indisputably that the taxpayer is aggrieved.

On report. Appellant applied to the assessors of the city of Bath
for an abatement in part of taxes assessed against him on real estate
situate in Bath for the year of 1924, who refused to grant an abate-
ment, and an appeal was taken to the Supreme Judicial Court under
R. S., Chap. 10, Sec. 79. By agreement of the parties the cause
was reported to the Law Court. Appeal dismissed.

The case is fully stated in the opinion.

*Edward S. Anthoine, John T. Fagan and Frederick W. Hinckley,*
for appellant.

*Walter S. Glidden,* for respondent.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

DEASY, J.  The real estate of the appellant in Bath was valued by the tax assessors of that city as of April 1st, 1924 at $175,000.  A tax was assessed upon this valuation.  The property taxed is a Government Housing Project established during the World War. It consists of some twenty-six acres of land with improvements, including sixty-five brick buildings, forty-five of them being double dwellings.  The cost to the Government was about $900,000.  The character of the buildings is perhaps indicated by Appellant's Exhibit No. 3, a circular, from which we quote:  "These homes were not built for sale.  No flimsy make-shifts were used to catch the eye. The element of profit was not considered . . . . only one requisite was demanded  . . . .  the very best."

In 1922 the buildings were offered separately at auction.  The bids, aggregating only $76,000, were rejected.  In 1923 after a further effort to sell the buildings separately at public auction the petitioner's bid of $112,000 for the whole was accepted.  Some expenses were required to be paid by the purchaser, making the entire cost to him about $118,000.  As of April 1st, 1924 the assessors of Bath appraised the property at $175,000.  From the assessors' refusal to make an abatement an appeal is taken to this court.

No discrimination is proved or claimed.  Appellant contends that his property was overrated and that it was appraised at some $75,000 in excess of its just value or market value.

The vexed questions that sometimes arise from "intentional and systematic under-valuation" (*Iron Company* v. *Wakefield, U. S. S. C.,* 62 L. ed., 1156) or (synonymous terms)—"general and designed under-valuation" (*Fibre Company* v. *Bradley,* 99 Maine, 266) are not involved here, the petitioner's only contention being that his property is absolutely overrated with reference to its just value.

But even if. this be true and were admitted it does not necessarily follow that an abatement should be granted.  If it should appear that all property in the city of Bath is valued on the same basis the petitioner has no grievance.

Equality and uniformity are the cardinal principles to be observed in tax levies.  Constitution of Maine, Amendment, Article XXXVI.; *Manufacturing Company* v. *Benton,* 123 Maine, 128; *Chicago* v. *Fishburn,* 189 Ill., 377, 59 N. E., 793; *Mineral Company* v. *Commis-*

*sioners,* 229 Penn., 436, 78 Atl., 991; *Bow* v. *Farrand,* 77 N. H., 451, 92 Atl., 926; *Phosophate Company* v. *Allen,* (Fla.), 81 Southern 503. The Supreme Court of the United States has said through Chief Justice Taft "Where it is impossible to secure both the standards of the true value and the uniformity and equality required by law the latter requirement is to be preferred as the just and ultimate purpose of the law." *Bridge Company* v. *Dakota County, U. S. S. C.,* 67, L. ed., 343.

If the appraisement of all estates in a taxing district is uniform and equal, though magnified, an abatement would produce not equality but inequality.

But when (nothing else appearing) it is shown that property is appraised substantially in excess of its just value inequality is presumed and the taxpayer is prima facie entitled to relief. He is not bound to produce further evidence of discrimination.

"Whatever may be the remedy, if there be any, when it is shown that the assessors have intentionally assessed the property of a part or all of the inhabitants at less than its fair cash value, we are of opinion that, in a petition for the abatement of taxes on the ground of the overvaluation of the property of the petitioner, and the disproportionate taxation arising from such overvaluation, the question is, whether the property has been valued at more than its fair cash value, and not whether it has been valued relatively more or less than similar property of other persons. *Lowell* v. *County Commissioners,* 152 Mass., 375.

But a petitioner claiming to be overrated with reference to actual value must clearly prove his case. In other jurisdictions courts considering other constitutions and statutes hold that the appraisal by the taxing board must stand unless shown to be intentionally discriminatory, and therefore actually or constructively fraudulent, *Gas Light Company* v. *Stuckart,* (Ill.), 121 N. E., 633; *Birch* v. *Orange County,* (*Cal.*), 200 Pac., 649; *Bunten* v. *Grazing Association* (*Wy.*), 215 Pac., 244.

Under our statutes, however, it is not necessary for the appellant to prove fraud or intentional overvaluation. If the taxpayer is found to be overrated "he may be granted such abatement as said court may deem reasonable." R. S., Chap. 10, Secs. 79-82.

But he must prove" that the valuation having reference to just value is manifestly wrong; . . . he must establish indisputably that he is aggrieved." *Manufacturing Company* v. *Benton,* 123 Maine, 131.

Applying this test the appellant fails. It is true that the evidence produced to reinforce the assessors' appraisal is not of a decisive quality. The character and original cost of the buildings are of little significance as bearing upon the pending issue. Several "opinion" witnesses were produced whose estimates varied from $185,000 to $380,000. · Upon cross-examination, however, it appeared that their opinions were based upon faith rather than reason. But it was not incumbent upon the city to support the assessors' appraisal. The appellant has the burden of proving the valuation to be manifestly wrong. *Manufacturing* v. *Benton,* supra.

To prove his case the appellant produces no evidence except the auction sale. But a sale by auction is not a true criterion of just or market value. *Chase* v. *Portland,* 86 Maine, 374; *Railway Co.* v. *Vance,* 115 Penn., 325, 8 Atl., 764; *Railway Co.* v. *Walsh,* 197 Mo., 392, 94 S. W., 868.

"Land commonly is not and cannot be sold at a moment's notice. The value of a tract of land for purposes of sale, that is, its fair cash value, is ascertained by a consideration of all those elements which make it attractive for valuable use to one under no compulsion to purchase but yet willing to buy for a fair price, attributing to each element of value the amount which it adds to the price likely to be offered by such a buyer." *Hospital* v. *Belmont,* 233 Mass., 208.

The petitioner presumably bought these sixty-five buildings for resale. He bought them at what he regarded as a bargain. He undoubtedly expected to sell the houses at a price not above but at their market value and to make a speculative profit.

From Appellant's Exhibit 2, a circular issued by the auctioneer employed by the Government we quote: "Come to the sale and pick up some real Real Estate Bargains." It was this invitation · that the petitioner accepted. A real real estate bargain price is presumably somewhat less than the market value.

The appraisers' valuation may be unduly high. We cannot, however, substitute the auction sale price. Sales at auction are not the true test of market value. If we should undertake to fix any other valuation it would be a guess, and a guess is not a safe basis for a judgment. It does not appear that the assessors were manifestly wrong. The appellant is not indisputably aggrieved.

*Appeal dismissed.*