Belknap
No. 80-028

THE STATE OF NEW HAMPSHIRE

v.

STEPHEN R. CASS

March 6, 1981

*Gregory H. Smith,* acting attorney general (*Paul Barbadoro,* attorney, on the brief), by brief for the State.

*McSwiney, Jones & Semple,* of Concord (*Paul C. Semple* on the brief), by brief for the defendant.

KING, J. ■ The defendant, Stephen R. Cass, was indicted on the charge of aggravated assault. The indictment alleged that he knowingly caused bodily injury to another through use of a deadly weapon. At the completion of the trial, a jury returned a verdict of guilty. The court sentenced the defendant to nine months in the house of correction. The defendant appealed his conviction on the

ground that the judge's instructions to the jury impermissibly broadened the indictment, thereby denying him his right to a fair trial. Because the defendant failed to object to the instructions at trial, he is precluded from raising the issue on appeal.

On May 26, 1979, the defendant was attending a party at which the victim, Mark Donahoe, and several of his friends were present. As the party was breaking up, the defendant exchanged words with Donahoe's girlfriend. Donahoe took umbrage at the remarks and confronted the defendant. An altercation ensued, and the defendant produced a pocketknife and stabbed Donahoe. At trial, the defendant admitted stabbing Donahoe but contended that he did so only after he had been attacked by Donahoe and two of his friends, Daniel Kenney and Russell Hamel.

At the close of the case the Trial Court (*Batchelder*, J.) charged the jury on three possible definitions of aggravated assault and the lesser included offenses of simple assault and assault by agreement. He also instructed the jury on the elements of self-defense. After the court completed the charge, he called counsel to the bench so that any objections to the charge might be placed on the record. Defense counsel indicated that he had no objections.

During the deliberations and prior to returning a verdict, the jury returned with two questions. The first question asked for a definition of when the use of a deadly weapon is justified in self-defense. The second question asked for an instruction on the statutory definition of aggravated assault. This time, the court read to the jury only the section of the statute concerning assault by means of a deadly weapon. No objections were recorded to the court's responses to these questions. The defendant now claims that the court was in error in not instructing the jury to disregard the earlier definition of aggravated assault which included the three possible types of aggravated assault, only one of which, causing bodily injury by means of a deadly weapon, was included in the indictment.

■ This court has consistently held that the failure to object at a time when improper jury instructions are given constitutes a waiver. *E.g., State v. Jones*, 120 N.H. 652, 653, 421 A.2d 1004, 1005 (1980) (per curiam); *State v. Donovan*, 120 N.H. 603, 608, 419 A.2d 1102, 1105 (1980); *State v. Carroll*, 120 N.H. 458, 461, 417 A.2d 8, 10 (1980). The reason for the rule requiring timely objections to alleged errors in the trial is obvious; it gives the court an opportunity to correct any possible error. *See State v. Fogg*, 80 N.H. 533,

536, 119 A. 799, 801 (1923). "It would be unjust to allow a party to lie by and take the chance of a verdict in his favor, and, if defeated, avail himself of an exception which might have been obviated if seasonably known." *Martineau v. Perrin*, 119 N.H. 529, 532, 404 A.2d 1100, 1102 (1979) (per curiam), *quoting State v. Isabelle*, 80 N.H. 191, 193, 115 A. 806, 808 (1921). Errors discovered by combing the record after trial and never properly presented to the trial judge should not be utilized to set aside a verdict. *State v. Josselin*, 119 N.H. 936, 936, 409 A.2d 1336, 1336 (1979) (Mem.). In reaching the result we do, we by no means imply that the instructions constituted prejudicial error.

*Affirmed.*

All concurred.