Hillsborough
No. 81-123

THE STATE OF NEW HAMPSHIRE

v.

LEONARD R. NIQUETTE

October 14, 1982

*Gregory H. Smith*, attorney general (*Paul Barbadoro*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, J. The defendant was convicted after trial by jury of the offenses of aggravated felonious sexual assault (RSA 632-A:2 (Supp. 1981)) and first degree assault (RSA 631:1 (Supp. 1981)). On appeal, he argues that the Trial Court (*Flynn*, J.) erred in three respects:

first, by refusing to allow the defendant to impeach the credibility of a key State's witness through the introduction of two convictions; second, by giving the jury an improper supplemental instruction after it had apparently reached an impasse; and, third, by failing to have the defendant evaluated *prior* to sentencing, to determine if he was a dangerous sexual offender, as required by RSA 173-A:3 (Supp. 1981).

A post-sentencing hearing was held on the defendant's motions to set aside the verdict and to vacate his sentence. The motions were denied by the trial court and the defendant appealed. For the reasons which follow, we affirm the defendant's convictions, but remand for resentencing.

## I. *Use of prior convictions of witness.*

At a pre-trial motion hearing on January 28, 1981, the defendant requested that he be allowed to use two prior convictions of the victim's mother in order to impeach her testimony at trial. The victim's mother was a key witness for the State. Her convictions were for the issuance of two bad checks in the amounts of $24.50 and $35. The certified copies of the convictions that were offered to the trial court indicated neither that the mother had been represented by counsel, nor that she had waived her right to counsel. The defendant offered nothing further bearing on either of these facts. The trial court deferred ruling on the defendant's motion until an appropriate occasion at trial arose. After the victim's mother had testified, the defendant renewed his motion, but the court denied it and noted the defendant's exception.

 Superior Court Rule 68 requires that a party seeking to impeach the credibility of a witness through prior convictions introduce "a certified record of the judgment of conviction indicating that the . . . witness was represented by counsel at the time of the conviction unless counsel was waived." We interpret this rule as placing the burden of proving representation by or waiver of counsel upon the party seeking to use a witness' prior conviction. *See State v. Maxwell,* 115 N.H. 363, 365, 341 A.2d 766, 767 (1975); *State v. Herbert,* 108 N.H. 332, 335, 235 A.2d 524, 527 (1967). Additionally, even if the defendant had met his burden of proof, the trial court would still have had the discretion to exclude the convictions, if it had concluded that their prejudicial effect outweighed their probative value. *See State v. Staples,* 120 N.H. 278, 283, 415 A.2d 320, 323 (1980); *State v. Cote,* 108 N.H. 290, 295, 297, 235 A.2d 111, 114–15, 116 (1967), *cert. denied,* 390 U.S. 1025 (1968). Because we find that the defendant failed to meet his burden of

proof under Superior Court Rule 68, and that, in any event, the trial court did not abuse its discretion in excluding the convictions, we uphold its decision.

II. *"Allen" Charge.*

Trial commenced on February 2, 1981, and after nine days of testimony, the case was submitted to the jury. After approximately five hours and forty minutes of deliberation, the jury reconvened in the courtroom and informed the court that a verdict had been reached on the assault charge, but that it could not reach an agreement on the sexual assault charge. At this point, the trial judge read the jury a supplemental instruction commonly known as the *"Allen"* charge. See *Allen v. United States*, 164 U.S. 492, 501 (1896). During this instruction, the court urged the jurors who were in the minority to reconsider their decision in light of the decision of the majority. In addition, it told the jury to consider the expense and inconvenience of a retrial. The jurors were then sent back to the jury room to continue their deliberations. The defendant did not object to the court's instruction at the time it was given, or during the additional time that the jury was deliberating. Some fifty minutes later, the jury foreman communicated to the court that the jury had now reached a verdict on the charge of aggravated sexual assault. The jury reassembled in the courtroom, and immediately before the jury was to announce its verdict, defense counsel objected to the court's supplemental charge for the first time. The court overruled his objection and noted his exception. Verdicts of guilty were returned on both charges.

The defendant argues that the court's instruction improperly focused attention on the jurors in the minority, interfered with the jury's impartiality, and caused the jury to consider factors extraneous to the facts in the case. We conclude that defense counsel failed to make a timely objection to the trial court's charge.

■■ An issue not preserved by a timely objection and exception is deemed waived because the trial court is denied the opportunity to correct any error that it may have made. *State v. Lister*, 122 N.H. 603, 607–08, 448 A.2d 395, 398 (1982); *State v. Perkins*, 121 N.H. 713, 717, 435 A.2d 504, 506 (1981). This rule is particularly appropriate when alleged errors in jury instructions are involved. *Martineau v. Perrin*, 119 N.H. 529, 531–32, 404 A.2d 1100, 1101–02 (1979); *see State v. Cass*, 121 N.H. 81, 82, 427 A.2d 1, 2 (1981). "It would be unjust to allow a party to lie by and take the chances of a verdict in his favor, and, if defeated, avail himself of an exception which might have been obviated if seasonably known." *State v.*

*Isabelle,* 80 N.H. 191, 193, 115 A. 806, 808 (1921) (quoting *Haines v. Insurance Co.,* 59 N.H. 199, 200 (1879)).

■ Although we need not reach the merits of the defendant's objection to the supplementary charge used in this case, we would strongly commend to our trial justices the suggestion which we first made in *State v. Blake,* 113 N.H. 115, 124, 305 A.2d 300, 306 (1973), that "in the future trial judges should consider the more circumscribed instructions recommended in the *ABA Standards.*" *See* ABA STANDARDS FOR CRIMINAL JUSTICE, *Trial by Jury,* Standard 15-4.4, at 15-133 (2d ed. 1980).

III. *Pre-sentencing evaluation.*

Finally, the defendant argues that it was improper for the trial court to sentence him without first having him examined by a psychiatrist to determine whether he was a dangerous sexual offender within the meaning of RSA 173-A:3 (Supp. 1981).

■ RSA 173-A:3 (Supp. 1981) clearly requires an examination of the defendant prior to sentencing for the offense of aggravated felonious sexual assault. Both the State and the trial court are mistaken in their interpretation that our holding in *Grindle v. Miller,* 119 N.H. 214, 400 A.2d 787 (1979), modified the statutory requirement that the examination occur prior to sentencing. *Grindle* merely held that in cases where the defendant is found to be a dangerous sexual offender, he must be given a definite sentence and not an indeterminate period of confinement. *Id.* at 218, 400 A.2d at 790–91. Because the defendant was entitled under the statute to have the result of his psychiatric examination before the trial court at the time of sentencing, and not be examined after sentencing, as was done here, we vacate his sentence and remand for re-sentencing.

*Verdict affirmed; sentence vacated; remanded.*

All concurred.