Hillsborough
No. 84-233

## THE STATE OF NEW HAMPSHIRE

v.

## RENE COTE

April 11, 1985

*Peter W. Mosseau*, acting attorney general (*Amy L. Ignatius*, assistant attorney general, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The issues presented by this case on appeal concern the obligation of the trial court to give a particular jury instruction and the adequacy of a voir dire conducted to determine the impartiality of jurors.

The defendant, Rene Cote, was charged with receiving stolen

property, RSA 637:7. His jury trial in Superior Court (*Dickson*, J.) began on the morning of December 15, 1983. At the close of all the evidence, the court recessed, planning to hear closing arguments and to give jury instructions after lunch. During the noon recess, the defendant apparently escaped from the custody of his guards and was shot while attempting to flee. Because he was receiving medical attention, he was unable to attend the remainder of his trial.

After the recess, the judge conducted an individual voir dire of each of the fourteen jurors and alternates because there was concern that they may have seen or heard about the shooting on their way to lunch. These interviews were conducted in the presence of counsel, who had an opportunity to question each juror.

The judge began the interview with each juror by stating that the defendant had absented himself from the trial. This was followed by questions as to whether this fact would influence the juror's ability to reach a fair and impartial verdict. An inquiry was then made to determine the extent of the juror's exposure to or knowledge of the shooting incident. With the exception of juror No. 10, all of the jurors had heard about the shooting. Juror No. 12 actually saw the individual who was shot, but claimed she could not identify him as the defendant. She was excused at the end of trial. Three of the jurors admitted to having heard shots.

The judge also asked all but three of the jurors, hypothetically, whether their ability to render an impartial verdict would be impaired if it had been the defendant who had been shot. All of the jurors except for No. 13 responded that they did not think the defendant's involvement would affect them. Juror No. 13 did not participate in the jury decision.

Upon completion of the voir dire, counsel for the defendant renewed a motion for a mistrial. This was based on the theory that the jury could not help but be tainted by the absence of the defendant, coupled as it was with the jurors' knowledge of the shooting incident.

The judge denied the motion subject to exception stating that, having questioned each juror individually and having replaced juror No. 12 with juror No. 14 at defense counsel's request, he found that the jury was not tainted and would not be tainted by the absence of the defendant from the conclusion of his trial.

On appeal, the defendant claims that the court had an affirmative duty to cure whatever prejudice resulted from the jurors' knowledge that the defendant had been shot while trying to escape, by admonishing them that they had a continued duty to remain fair and impartial. Since defense counsel never requested a curative instruction and specifically stated at the close of trial that she had

no objection to the jury charge, we will not consider this issue on appeal. *State v. Niquette*, 122 N.H. 870, 873, 451 A.2d 1292, 1294 (1982).

The defendant also argues that the voir dire was inadequate because three of the jurors were not asked hypothetically whether they could remain impartial if, in fact, it had been the defendant who had been shot. The defendant has not preserved this issue for appeal.

Counsel for the defendant was present throughout the voir dire and had the opportunity to question all of the jurors and alternates. She did, in fact, question four of the jurors.

At the end of the voir dire, the judge asked whether counsel found any of the jurors not qualified to sit on the case. The court then struck the two jurors defense counsel asked to be removed. Counsel did not object at that point, or at any other time, to the three jurors she now claims were inadequately voir dired.

The defendant, having raised below no challenge to the adequacy of the voir dire as to these three jurors, cannot now raise that issue on appeal. *See State v. Laliberte*, 124 N.H. 621, 474 A.2d 1025 (1984); *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983). A mere general assertion of a need for a mistrial is not sufficient to preserve this issue.

*Affirmed.*