STATE OF MAINE                                  SUPERIOR COURT
YORK, SS.                                       APPEAL
                                                DOCKET NO. AP-12-038
GREGORY and                          )          Jou -YOR-9/19/608
BARBARA AHLGREN,                     )
                                     )
        Petitioners,                 )
    v.                               )          ORDER
                                     )
TOWN OF OGUNQUIT,                    )
                                     )
        Defendant.                   )


I.      Background

        Petitioners own units 402 and 412 at the Lookout Condominiums on 55 Israel

Head Road, Ogunquit. Units 402 and 412 are on the fourth floor of the Lookout and have

ocean views. Petitioners filed an application for tax abatement on February 15, 2012.

Petitioners' application was denied by the Ogunquit Assessing Agent on March 8, 2012.

On May 2, 2012, the Petitioners filed a Board of Assessment Review Appeals

Application for Abatement of Property Taxes. The Board heard Petitioners' appeal on

May 31, 2012. Petitioners did not attend and the appeal was denied on the basis of the

submissions. Petitioners requested a reopening of the file and a new hearing. Petitioners'

request was granted and the matter was heard on July 10, 2012. After the hearing the

Board denied Petitioners' abatement appeal. Petitioners' filed this appeal of the Board's

denial on August 10, 2012.

II.     Standard of Review

        The court reviews a decision of a state agency solely for "whether the [agency]

correctly applied the law and whether its fact findings are supported by any competent

1

evidence." McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n, 1998 ME 177, ¶ 6, 714 A.2d 818. The Court must affirm the agency's finding of fact unless they are clearly erroneous. 5 M.R.S. § 11007(3) (2011); Green v. Comm'r of the Dep't of Mental Health, 2001 ME 86, ¶ 9, 776 A.2d 612. The burden of persuasion is born by the party seeking to vacate the agency's decision. Bizier v. Town of Turner, 2011 ME 116, ¶8, 32 A.3d 1048; Anderson v. Me. Pub. Employees Ret. Sys, 2009 ME 134, ¶3, 985 A.2d 501.

Furthermore, when determining matters of tax assessment, there is a strong presumption in favor of the assessor in property tax appeals. Sweet v. City of Auburn, 134 Me. 28, 33 (1935); Penobscot Chemical Fibre Co. v. Inhabitants of the Town of Bradley, 99 Me. 263; Spear v. City of Bath, 125 Me. 27; Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 350. In order to show that the assessment was wrong, the taxpayer must show that there was error in one of the following areas:

> "(1) the judgment of the assessor was irrational or so unreasonable in light of the circumstances that the property was substantially overvalued and an injustice resulted;
> (2) there was unjust discrimination; or
> (3) the assessment was fraudulent, dishonest, or illegal."

Yusem v. Towne of Raymond, 2001 ME 61, ¶9, 769 A.2d 865.

III.    Discussion

Petitioners argue that the judgment of the assessor was so unreasonable in light of the circumstances that the property was substantially overvalued and an injustice resulted. Petitioners dos not contend that the assessment was discriminatory or fraudulent in any way, however, Petitioners argue that there was no competent evidence supporting the assessment by the assessor.

2

In Frank v. Assessors of Skowhegan, the Law Court found that "approaches such as 'reproduction cost,' 'earning power,' or 'construction cost less depreciation' are only devices to aid in determining fair market value." Frank v. Assessors of Skowhegan, 329 A.2d 167, 175-76 (Me. 1974). The Court found that:

> "Stability in municipal income is a factor which must always be considered. ... The assessors ought not be required to treat this plaintiff differently because his property is not for the time being producing the rate of return on his investment which was anticipated.'. . . (assessors) should recognize that the true value of a fixed asset, such as real estate, is fairly constant and must be gauged by conditions, not temporary and extraordinary, but by those which over a period of time will be regarded as measurably stable.'"

Frank v. Assessors of Skowhegan, 329 A.2d 167, 175 (Me. 1974), citing Sweet, Inc. v. City of Auburn, 134 Me. at 32, 180 A. at 804.

Petitioners have the burden of showing that the properties were inequitably assessed. Petitioners state that on average the last nine units in the Lookout have sold for 6.8% less than their assessed value. More specifically, Petitioners state that the difference between sale price and assessed value of units on the third and fourth floors of the Lookout is approximately 16%. Only six units on the third and fourth floor were taken into consideration in these calculations.[1] Assessing Agent for the Town of Ogunquit in the current case, Mr. Gringas, stated that the assessment was made in 2005 and was based upon actual sales from 2005 and a few years prior. (R. 29.)

Petitioners have not met the burden of showing that the market value provided by the assessor is out of line with other assessments and is so unreasonable in light of the circumstances that the property was substantially overvalued and an injustice resulted. The only evidence offered by Petitioners is a list of sale prices from recent sales within

---

[1] Petitioners provide a list of the sale prices of nine units recently sold at the Lookout. Of those listed, six are units on the third or fourth floor.

3

the Lookout. However, a sale price is not necessarily equal to market value. Market value is a price reached in a fair public sale. Frank, 329 A.2d at 173 (Me. 1974). There is no information on whether the sales of the six units on the upper two floors of the Lookout listed by Petitioners were made at arms length. Petitioners do not offer an independent assessment or similar sale prices of comparable properties in Ogunquit. Furthermore, the Town is not required to update the assessment yearly. Petitioner has offered no evidence that the assessment is not in line with the sales of similar units in Ogunquit in 2005. Petitioners have not met their burden of showing that the assessment was inequitably assessed.

IV.    Conclusion

The Court AFFIRMS the decision of the Board of Assessment Review.

DATE:    9/19/13

John O'Neil, Jr.
Justice, Superior Court

4

ATTORNEY FOR PLAINTIFFS':
GREGORY AHLGREN, PRO-SE
BARBARA AHLGREN, PRO-SE
529 UNION STREET
MANCHESTER, NH 03104

ATTORNEY FOR DEFENDANT:
NATALIE L. BURNS, ESQ.
MARK A. BOWER, ESQ.
JENSEN BAIRD GARDNER & HENRY
10 FREE STREET
PO BOX 4510
PORTLAND, ME 04112